IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:17-cv-00259-BO

| | |
|---|---|
| VOIT TECHNOLOGIES, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| DEL-TON, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES PURSUANT TO FED.R.CIV.P. 12(f)**

Plaintiff, VOIT Technologies, LLC, pursuant to Federal Rule of Civil Procedure 12(f) and Local Civil Rules 7.1 and 7.2, files this Memorandum in Support of its Motion to Strike Defendant's Affirmative Defenses ("Memorandum in Support").

**I.  NATURE OF THE CASE**

Plaintiff's Complaint for Patent Infringement (DE 1) ("Complaint") against Defendant, DEL-TON, Inc., contains a single count for direct patent infringement. Specifically, the Complaint alleges that Defendant infringed multiple method claims of U.S. Patent No. 6,226,412 B1 (the "'412 Patent") through the use of certain e-commerce software and hardware to provide Defendant's website and online store. *See* Compl. 3 ¶ 11.

**II.  STATEMENT OF FACTS**

Defendant filed its Answer, Motion to Dismiss and Counterclaims (DE 12) ("Answer") on July 20, 2017. The Answer sets forth twelve (12) conclusory and boilerplate defenses:[1] (1)

---

[1] Through an apparent scrivener's error, the Answer mislabels the Twelfth Defense as the Eleventh Defense, repeated. This Memorandum in Support, refers to the repeated Eleventh Defense as the Twelfth Defense.

1

Failure to State a Claim; (2) General Denial; (3) Denial of Infringement; (4) Patent Invalidity; (5) Non-Performance of Claimed Method; (6) Lack of Damages; (7) Good Faith; (8) Laches; (9) Estoppel; (10) Waiver; (11) Unclean Hands, Patent Misuse, and Inequitable Conduct; and (12) Catch-All Defense and Reservation of Rights. Answer 1-5. Defendant classifies Third Defense through Twelfth Defense as "Affirmative Defenses," *see* Answer 4-5, and they are referred to as such herein. Plaintiff now moves to strike Defendant's "Affirmative Defenses."

## III. ARGUMENT

The Court should strike Defendant's improper Affirmative Defenses pursuant to Fed.R.Civ.P. 12(f). As set forth more fully below, Defendant's Third, Fifth, and Sixth Defense should be stricken because they are merely denials, not affirmative defenses. Defendant's Fourth, Eighth, Ninth, Tenth, and Eleventh Defenses should be stricken because are naked legal conclusions without even the pretense of factual support. They should be stricken because they are insufficiently plead as they are too conclusory, fail to give Plaintiff with adequate notice of what is being alleged, and lack any factual allegations. Defendant's Seventh and Twelfth Defenses fail as a matter of law, in addition to being insufficiently plead.

### A. Legal Standard

"Federal Rule of Civil Procedure 12(f) permits a district court, on motion of a party, to 'order stricken from any pleading any insufficient defense.'" *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5A Wright & Miller, *Federal Practice & Procedure* § 1380 (2d ed. 1990)); *see also* Fed.R.Civ.P. 12(f) ("The court may strike from a pleading an insufficient defense"). The general pleading requirements of Federal Rule of Civil Procedure 8 instruct that affirmative defenses be set forth in "short and plain terms." Fed.R.Civ.P. 8. However, the Supreme Court clarified the pleading standards, explaining that

"[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Indeed, "[t]hreadbare recitals … supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. A pleadings "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

While the Fourth Circuit Court of Appeals has not addressed the issue of whether *Iqbal* and *Twombly* pleading standards apply to affirmative defenses, the majority of district courts in this Fourth Circuit have concluded that "'the considerations of fairness, common sense and litigation efficiency underlying *Twombly* and *Iqbal*' mandate that the same pleading requirements apply equally to complaints and affirmative defenses." *Racick v. Dominion Law Assocs.*, 270 F.R.D. 228, 234 (E.D.N.C. 2010). Indeed, when previously presented with this issue, Your Honor agreed that "[i]n considering whether to allow a motion to strike an affirmative defense, the Court applies the same pleading requirements as those applied to a complaint; in other words, the Court considers whether the defenses plead contain 'more than labels and conclusions' or 'a formulaic recitation of the cause of action.'" *Koehler v. United States*, No. 4:12-cv-62-BO, 2012 U.S. Dist. LEXIS 163816, at *3 (E.D.N.C. Nov. 16, 2012) (citing *Racick*, 270 F.R.D. at 233-34).

### B. Defendant's Third Defense (Denial of Infringement) is Merely a Denial, Not an Affirmative Defense, and Should be Stricken

Defendant's Third Defense constitutes nothing more than a general denial and should be stricken. Specifically, for its Third Defense, Defendant states that it "has not infringed and does not infringe any valid and enforceable claim of the '412 Patent, either literally or under the doctrine of equivalents, willfully or otherwise." Answer 4.

3

Defendant mischaracterizes this denial as an affirmative defense. An affirmative defense "amounts to something more than a mere denial of the plaintiff's allegations." Ballentine's Law Dictionary (3d ed. 2010). Indeed, it "is an assertion of facts and argument that, if true, will defeat the plaintiff's claim, even if all the allegations in the complaint are true." Black's Law Dictionary 451 (8th ed. 2004); *see also Gomez v. Toledo*, 446 U.S. 635, 640-41 (1980).

Here, Third Defense listed under its "Affirmative Defenses" is not a legally cognizable excuse or justification but instead merely a mislabeled denial. To explain, that Defendant has not infringed merely sets forth a denial of Plaintiff's claims and not an actual defense. *See Flav-O-Rich, Inc. v. Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988) ("A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense."). Defendant already denied the infringement in its Answer. *See* Answer 1-4. Moreover, Defendant's Third Defenses is conclusory and boilerplate, adding nothing of substance to the record.

The distinction between denial and affirmative defense is important to prevent confusing the parties' burdens of proof. Plaintiff bears the burden of proof on its claims; Defendant bears the burden of proof on its affirmative defenses (i.e., legally cognizable excuses or justifications). If the Court were to leave Defendant's false affirmative defense in the case, it would not only be redundant, but it would also create confusion over which party bears the burden of proof on the issues. *See Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC*, No. 09-61490-CIV, 2010 U.S. Dist. LEXIS 138384, at *2 (S.D. Fla. Dec. 21, 2010) ("I believe the better practice is to properly label denials and affirmative defenses, and to keep these two defenses separate."). Indeed, there cannot possibly be a separate jury instruction on a denial of infringement defense. Instead, if Plaintiff fails to prove all of the elements of a claim for infringement then the "I did

not do it defense" is established. Again, Defendant's Third Defense should be stricken under Rule 12(f) because it is redundant and creates confusion as to which party bears the burden of proof on certain issues.

### C. Defendant's Fourth Defense (Patent Invalidity) is Insufficiently Plead and Should be Stricken

In its entirety, Defendant's Fourth Defense states that "[t]he claims of the '412 Patent are invalid because they fail to satisfy all of the requirements and conditions for patentability specified in 35 U.S.C. § 101 *et seq.*, including but not limited to Sections 103 and 112." Defendant has not set forth any facts which explain why the '412 Patent is invalid. Moreover, it is impossible to even tell why Defendant believes the '412 Patent is invalid.

Chapter 35 contains a dozen or so bases upon which to invalidate a patent. Each basis requires particular facts be proved to support the defense. None of those facts have been plead. In *Worldtech Systems, Inc. v. Integrated Network Solutions, Inc.*, 609 F.3d 1308, 1322-23 (Fed. Cir. 2010), the Federal Circuit, which has exclusive jurisdiction over patent appeals, held that a conclusory invalidity defense nearly identical the one at issue here provides "little notice" to the patent holder of what the defense is asserting. The Supreme Court, in *Twombly* and *Iqbal*, made crystal clear that *facts* which make a claim (or defense) "plausible" must be plead. No facts were plead here. Accordingly, Defendant's Fourth Defense is insufficient and should be stricken.

### D. Defendant's Fifth Defense (Non-Performance of Claimed Method) is Merely a Denial, Not an Affirmative Defense, and Should be Stricken

Defendant's Fifth Defense, listed under Defendant's "Affirmative Defenses," states that "Plaintiff's claims are barred in whole or in part because all of the steps of the claimed method are neither performed by nor are attributable to Defendant." For the reasoning provided above, Defendant mischaracterizes this denial as an affirmative defense.

The Fifth Defense merely denies allegations contained in Plaintiff's Complaint. It does not plead extraneous matter that precludes the imposition of liability assuming Plaintiff's allegations are true. As such, Defendant's Fifth Defense should be stricken.

### E. Defendant's Sixth Defense (Lack of Damages) is Merely a Denial, Not an Affirmative Defense, and Should be Stricken

Defendant's Sixth Defense, listed under Defendant's "Affirmative Defenses," states that "Plaintiff's claims are barred in whole or in part because Plaintiff has suffered no injury and no damages." For the reasoning provided above, Defendant mischaracterizes this denial as an affirmative defense.

The Sixth Defense merely denies allegations contained in Plaintiff's Complaint, namely that "Voit has been damaged by DEL-TON's infringement." Compl. 4 ¶ 20. It does not plead extraneous matter that precludes the imposition of liability assuming Plaintiff's allegations are true. As such, Defendant's Sixth Defense should be stricken.

### F. Defendant's Seventh Defense (Good Faith) is Fails as a Matter of Law and Should be Stricken

Defendant's Seventh Defense, stating that "Plaintiff's claims are barred in whole or in part because Defendant acted in good faith at all times," is legally insufficient as an affirmative defense to Plaintiff's allegation of direct patent infringement and fails as a matter of law. Direct patent infringement is a strict liability offense for which the good faith of an infringer is irrelevant.

As noted by the Supreme Court in *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 761 n.2 (2011):

> Direct infringement has long been understood to require no more than the unauthorized use of a patented invention. *See Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 484 (1964); 3 A. Deller Walker on Patents § 453, p. 1684 (1937). Thus, a direct infringer's knowledge or intent is irrelevant.

6

More recently, the Federal Circuit held that "intent is not an element of direct infringement, whether literal or by equivalents, whether literal or by equivalents…. Infringement is, and should remain, a strict liability offense." *Hilton Davis Chemical Co. v. Warner-Jenkins Co.*, 62 F.3d 1512, 1653 (Fed. Cir. 1995), *en banc*, rev'd on other grounds, 520 U.S. 17 (1997). "Accidental or 'innocent' infringement is still infringement. Intent becomes a requirement only if and when the patent owner seeks enhanced damages or attorney fees for willful infringement under 35 U.S.C. §§ 284-285." *Id.* at 1519.

Here, Plaintiff's Complaint seeks neither enhanced damages nor attorneys' fees. *See* Compl. 5. As such, Defendant's alleged good faith has no bearing on the Defendant's liability or the damages at issue. Accordingly, Defendant's Seventh Defense is legally insufficient and should be stricken.

### G. Defendant's Eighth Defense (Doctrine of Laches) is Insufficient and Should be Stricken

Defendant's Eighth Defense states, in its entirety, that "Plaintiff's claims are barred in whole or in part by the doctrine of laches." Answer 5. It should be stricken because it violates the notice pleading standards set by offering nothing more than a bare legal conclusion, devoid of any facts. *See Racick*, 270 F.R.D. at 236 (citing *Palmer v. Oakland Farms, Inc.*, No. 5:10-cv-00029, 2010 U.S. Dist. LEXIS 63265 at *18-19, 2010 WL 2605179 (W.D.Va. Jun. 24, 2010)).

The Eighth Defense fails to even offer a formulaic recitation of the elements necessary to establish laches. To adequately plead an affirmative defense of laches, a party must allege facts showing: (1) "the plaintiff delayed filing suit for an unreasonable and inexcusable length of time from the time the plaintiff knew or reasonably should have known of its claim against the defendant," and (2) "the delay operated to the prejudice or injury of the defendant." *A.C. Aukerman Co. v. R.L. Chaides Const. Co.,* 960 F.2d 1020, 1032 (Fed. Cir. 1992).

Here, there are no dates or other allegations supporting - or even suggesting - either the first element of laches (which would pertain to Plaintiff's alleged unreasonable delay in filing suit), or the second (which would pertain to any purported prejudice or injury to Defendant). For these reasons, Defendant's Eighth Defense should be stricken

### H. Defendant's Ninth Defense (Estoppel) is Insufficient and Should be Stricken

Defendant's Ninth Defense merely states, in its entirety, that "Plaintiff's claims are barred in whole or in part by estoppel." Answer 5. Again, it is nothing more than a bare legal conclusion lacking any factual support and should be stricken. *Palmer*, 2010 U.S. Dist. LEXIS 63265 at *18 ("Even before *Twombly* and *Iqbal* 'the word *estoppel* without more [was] not a sufficient statement of a defense.'") (emphasis in original) (quoting *Telectronics Proprietary, Ltd. V. Medtronic, Inc.*, 687 F.Supp. 832, 841 (S.D.N.Y. 1988)).

### I. Defendant's Tenth Defense (Waiver) is Insufficient and Should be Stricken

Defendant's conclusory Tenth Defense states, in its entirety, that "Plaintiff's claims are barred in whole or in part by waiver." Answer 5. Just like Defendant's Eighth and Ninth Defense, it is nothing more than a bare legal conclusion lacking any factual support and should be stricken for the reasons cited above.

### J. Defendant's Eleventh Defense (Unclean Hands, Patent Misuse, and Inequitable Conduct) is Insufficient and Should be Stricken

Defendant's combined Eleventh Defense alleges, without more, that "Plaintiff's claim for relief is barred in whole or in part by the doctrines of unclean hands, patent misuse, and inequitable conduct, including by not limited to, violation of the North Carolina Abusive Patent Assertions Act, N.C. Gen. Stat. 75-140 *et seq.*" Answer 5. Again, like Defendant's previous affirmative defenses, the Eleventh Defense is a bare legal conclusion lacking any factual support. While the Eleventh Defense is subject to Federal Rule of Civil Procedure 9(b)'s heightened

8

pleading requirements that apply to the inequitable conduct, *see Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312 (Fed. Cir. 2009), it does not even satisfy the lesser standards set forth in *Iqbal* and *Twombly*. Accordingly, it should be stricken.

### K. Defendant's Twelfth Defense (Catch-All and Reservation of Unalleged Affirmative Defenses) Fails as a Matter of Law and Should be Stricken

Defendant's Twelfth Defense states "Plaintiff's claims are barred in whole or in part by any other matter constituting avoidance or affirmative defense, as discovery may reveal, pursuant to Fed.R.Civ.P. 8(c). Defendant reserves the right to assert additional affirmative defenses as may be established by discovery in this action." Answer 5. This is neither a denial nor a defense. Instead, it is an improper attempt to subvert Fed.R.Civ.P. 8(c)'s requirement that Defendant "affirmatively state any avoidance or affirmative defense" and reserve the right to amend pleadings at any time. Significantly, this Court will likely set a deadline for the parties to amend their pleadings. Defendant's improper catch-all and reservation of rights should be stricken.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an order granting Plaintiff's Motion to Strike, striking Defendant's Affirmative Defenses (the Third Defense through Twelfth Defense), and issuing Plaintiff all other just and equitable relief that the Court deems appropriate.

Dated: August 28, 2017.

Respectfully submitted,

*/s/ David F. Tamaroff*
David F. Tamaroff, Esq.
LIPSCOMB & PARTNERS, PLLC
25 SE 2nd Avenue, 8th Floor
Miami, Florida 33131
Tel: (786) 431-2326
Fax: (786) 431-2229
dt@lipscombpartners.com
Florida Bar No. 92084

And

Frank W. Leak, Jr. Esq.
LEAK & JAMISON, PLLC
P.O. Box 21026
Winston-Salem, NC 27120
Tel: (336) 245-1655
Fax: (336) 245-1655
frank.leak@thirtysixthirtylaw.com
North Carolina Bar No. 27937
Local Civil Rule 83.1 Counsel for Plaintiff
*Attorneys for Plaintiff VOIT Technologies, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on August 28, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Joseph A. Schouten
jas@wardandsmith.com

Caroline B. McLean
cbmclean@wardandsmith.com

> */s/ David F. Tamaroff*
> David F. Tamaroff, Esq.
> Florida Bar No. 92084
> LIPSCOMB & PARTNERS, PLLC
> 25 SE 2nd Avenue, 8th Floor
> Miami, Florida 33131
> Tel: (786) 431-2326
> Fax: (786) 431-2229
> Email: dt@lipscombpartners.com
> *Attorney for the Plaintiff*