IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:17-cv-00259-BO

VOIT TECHNOLOGIES, LLC, )
 )
    Plaintiff, )
 )
vs. )
 )
DEL-TON, INC., )
 )
    Defendant. )

### MEMORANDUM IN SUPPORT OF VOIT TECHNOLOGIES, LLC'S MOTION TO DISMISS DEL-TON, INC.'S COUNTERCLAIMS PURSUANT TO FED.R.CIV.P. 12(b)(6)

VOIT Technologies, LLC ("VOIT"), pursuant to Fed.R.Civ.P. 12(b)(6) and Local Civ. Rules 7.1 and 7.2, files this Memorandum in Support of its Motion to Dismiss DEL-TON, Inc.'s ("DEL-TON") Counterclaims ("Memorandum in Support").

## I. NATURE OF THE CASE

VOIT's Complaint for Patent Infringement (DE 1) ("Complaint") against DEL-TON, contains a single count for direct patent infringement. Specifically, the Complaint alleges that DEL-TON infringed multiple method claims of U.S. Patent No. 6,226,412 B1 (the "'412 Patent") through the use of certain e-commerce software and hardware to provide DEL-TON's website and online store. *See* Compl. 3 ¶ 11.

## II. STATEMENT OF FACTS

DEL-TON filed its Answer, Motion to Dismiss and Counterclaims (DE 12) ("Counterclaims") and a Motion for Bond (DE 15) on July 20, 2017. The Counterclaims sets forth three (12) conclusory and boilerplate counterclaims, redundant to VOIT's allegations of

1

infringement: (1) declaratory judgment of DEL-TON's non-infringement of the '412 Patent; (2) declaratory judgment of invalidity of the '412 Patent; (3) VOIT's violation of the North Carolina Abusive Patent Assertions Act, N.C. Gen. Stat. §§ 75-140 *et seq.* (the "APAA"). VOIT now moves to dismiss all of DEL-TON's counterclaims.

## III. ARGUMENT

### A. Legal Standard

#### i. Pleading Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

*Twombly* requires a two-prong analysis. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or conclusory statements. *Id.* at 678-80. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. The Court need neither agree with legal conclusions couched as factual allegations nor with conclusory factual allegations devoid of any reference to actual events. *Id.* at 678. "[D]etailed factual allegations are not required, but [a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *PPS Data, LLC v. Availity, LLC*, No. 3:11-CV-747-J-37TEM, 2012 U.S. Dist. LEXIS 9452, 2012 WL 252830, at *1 (M.D. Fla. Jan. 26, 2012) (quoting *Iqbal*, 556 U.S. at 678) (internal quotations omitted).

### ii. Declaratory Judgment Act

The Declaratory Judgment Act provides: "in a case of actual controversy within its jurisdiction … any court of the United States … *may* declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added). "In the declaratory judgment context, the normal principal that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 296 (4th Cir. 2005) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995)) (citing *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494-95 (1942) (district courts are "under no compulsion" to exercise jurisdiction over declaratory judgment actions)). Indeed, "[e]ven if a court has jurisdiction over a declaratory judgment action, the court has the authority, within the sound exercise of its discretion, to stay or dismiss a declaratory judgment action." *Friends of Park v. Nat'l Park Serv.*, No. 2:13-cv-03453-DCN, 2015 U.S. Dist. LEXIS 70789, at * 28 (S.C.D.C. May 27, 2015) (citing *New Wellington*, 416 F.3d at 296). The Fourth Circuit has instructed that the factors to be considered in determining whether a declaratory judgment action is appropriate are: (1) whether "the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and … [(2) whether] it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 256 (4th Cir. 1996) (quoting *Quarles*, 92 F.2d 321, 325 (4th Cir. 1937)).

In this regard, "courts have repeatedly recognized that '[a] declaratory judgment serves no 'useful purpose' when it seeks only to adjudicate an already-existing" claim in the litigation. *Metra Indus. v. Rivanna Water & Sewer Auth.*, No. 3:12-cv-00049, 2014 U.S. Dist. LEXIS 21568, at *5 (W.D. Va. Feb. 19, 2014); *see, e.g.*, *Shatta Iye Mansaray v. Mut Ben. Ins. Co.*, No.

PX 17-0098, 2017 U.S. Dist. LEXIS 98906, at *18 (D. Md. Jun. 26, 2017) ("Where the substantive suit would resolve the issues raised by the declaratory judgment action, the declaratory judgment action serves no useful purpose because the controversy has ripened and the uncertainty and anticipation of the ligation are alleviated."). Indeed, "[i]f a request for a declaratory judgment adds nothing to an existing lawsuit, it need not be permitted." *Southern Bank & Trust Co. v. Alexander*, 2014 Bankr. LEXIS 3048 (Va. E. Bankr. Ct. Jul. 16, 2014) (citing *Madry v. Fina Oil & Chem. Co.*, No. 94-10509, 1994 U.S. App. LEXIS 42717, at *5 (5th Cir. Dec. 27, 1994); *Merritt Hawkins & Assocs., LLC v. Gresham*, No. 3:13-cv-00312-P, 2014 U.S. Dist. LEXIS 26213, at * (N.D. Tex. Feb. 21, 2014)).

The Declaratory Judgment Act is not intended "to interfere with an action which has already been instituted." *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 325 (4th Cir. 1937); *see also Aetna Cas & Sur. Co. v. Ind-Com Elec. Co.*, 139 F.3d 419, 422 (4th Cir. 1998). Accordingly, district courts regularly "have dismissed counterclaims under the Declaratory Judgment Act where they have found them to be repetitious of issues already before the court via the complaint or affirmative defenses." *New Wellington*, 416 F.3d at 296 (quoting *Ortho-Tain, Inc. v. Rocky Mountain Orthodontics, Inc.*, No. 05-cv-6656, 2006 U.S. Dist. LEXIS 93057, 2006 WL 3782916, at *3 (N.D. Ill. Dec. 20, 2006)).

### iii. The Noerr-Pennington Doctrine

The *Noerr-Pennington* doctrine guarantees citizens their First Amendment right to petition the government for redress without fear of liability. *IGEN Int'l, Inc. v. Roche Diagnostics GmbH*, 335 F.3d 303, 310 (4th Cir. 2003) (citing *United Mine Workers of Am. v. Pennington*, 381. Although the *Noerr-Pennington* doctrine was originally developed in respect to federal antitrust litigation, it has been found to apply to patent litigation. *See Globetrotter*

4

*Software, Inc. v. Elan Computer Group, Inc.*, 362 F.3d 1367, 1375 (Fed. Cir. 2004) (citing *IGEN Int'l,* 335 F.3d at 310 ("the [*Noerr*] doctrine has now universally been applied to business torts")). An exception to the *Noerr-Pennington* doctrine exists only for those engaged in sham litigation. *IGEN Int'l*, 335 F.3d at 312. "The sham exception requires the allegedly tortious … litigation to have been 'objectively baseless in the sense that no reasonable litigation could realistically expect success on the merits.' Then, 'only if challenged litigation is objectively meritless may a court examine the litigant's subjective motivation.'" *Id.* (quoting *Prof'l Real Estate Investors, Inc.*, 508 U.S. 49, 60 (1993)).

The party opposing the application of the *Noerr-Pennington* bears the burden of alleging facts sufficient to show that it does not apply. *See IGEN Int'l*, 335 F.3d at 312 (citing *Hosp. Bldg. Corp. v. Trustees of Rex Hosp.*, 791 F.2d 288, 293 (4th Cir. 2001)); *see also McGuire Oil Co. v. Mapco, Inc.*, 958 F.2d 1552, 1558 n.9 (11th Cir. 1992)). The application of the *Noerr-Pennington* doctrine is a question of law. *See IGEN Int'l*, 335 F.3d at 310 (citing *TEC Cogeneration Inc. v. Fla. Power & Light Co.*, 76 F.3d 1560, 1567 (11th Cir. 1996), *modified on rehearing by* 86 F.3d 1028 (11th Cir. 1996)).

### iv. Federal Preemption

The law established by the Federal Circuit applies "not only to patent issues but in deciding whether the patent laws preempt a state-law tort claim." *Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, 362 F.3d 1367, 1374 (Fed. Cir. 2004) (citing *Midwest Indus., Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356, 1359 (Fed. Cir. 1999) (*en banc* in relevant part)). Although the Patent Act and its amendments do not provide for explicit preemption, it can preempt state laws through implication.

In *Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, the Federal Circuit applied the standards of the *Noerr-Pennington* doctrine to the question of preemption by the Patent Act, holding that a plaintiff claiming that a patent holder has engaged in wrongful conduct by asserting claims of patent infringement must establish: (1) "that the claims of infringement were objectively baseless," and (2) that the patent holder acted in "bad faith." *Globetrotter*, 62 F.3d at 1377. "[B]ad faith is not supported when the information is objectively accurate." *Golan v. Pingel Enter., Inc.*, 310 F.3d 1360, 1371 (Fed. Cir. 2002) (quoting *Mikohn Gaming Corp. v. Acres Gaming, Inc.*, 165 F.3d 891, 897 (Fed. Cir. 1998)). Bad faith must be established through "clear and convincing evidence that [the patent owner] *had no reasonable basis* to believe" that there was infringement. *Globetrotter*, 362 F.3d at 1377 (emphasis in original) (quoting *Golan*, 310 F.3d at 897).

### B. DEL-TON's First Counterclaim (Declaratory Judgment of Non-Infringement) Should be Dismissed Because Merely Seek Resolution of Issues that will be Resolved Through the Litigation of VOIT's Affirmative Claims.

The First Counterclaim seeking a declaratory judgment of non-infringement is merely a denial of claims in VOIT's Complaint. *See* Counterclaims ¶¶ 76-77. As such, it serves no useful purpose. Regardless of the First Counterclaim, DEL-TON's infringement of the '412 Patent will already be decided by this Court as part of VOIT's affirmative case, unless the parties settle the case or VOIT moves for dismissal under Fed.R.Civ.P. 41(a)(2) in which case DEL-TON would be alleviated of any "uncertainty, insecurity, and controversy" regarding the issue. Indeed, the issues raised in the First Counterclaim "adds nothing to the existing lawsuit, [and] it need not be permitted." *Traxxas, L.P. v. Dewitt*, No. 4:14-cv-733, 2015 U.S. Dist. LEXIS 161763, at *22, 2015 WL 7777986 (E.D. Tex. Dec. 2, 2015). Accordingly, DEL-TON's First Counterclaim

should be dismissed because it is redundant with no greater ramifications than VOIT's original suit.

Additionally, DEL-TON impermissibly comingles its First and Second Counterclaims by basing the question of its alleged non-infringement on the issue of the '412 Patent's validity. *See* Counterclaims ¶ 79. As such, DEL-TON violates Fed.R.Civ.P. 10(b)'s requirement that "each claim … must be state in a separate count or defense." To the extent that the '412 Patent's validity is properly the subject of the First Counterclaim, it is insufficiently plead for the reasons set forth below in Section III(C). DEL-TON's First Counterclaim should also be dismissed for these reasons.

### C. DEL-TON's Second Counterclaim (Declaratory Judgment for Invalidity) Should be Dismissed Because it is Insufficiently Plead and Serves no Useful Purpose

DEL-TON's Second Counterclaim violates the "plausibility" pleading standards set forth in *Iqbal* and *Twombly* by offering nothing more than "labels and conclusions" *Iqbal*, 556 U.S. 662 (2009). Indeed, it offers nothing more than vague accusations that even fail to satisfy the notice pleading standard requirements under Fed.R.Civ.P. 8. *See, e.g.*, *PPS Data, LLC v. Allscripts Healthcare Solutions, Inc.*, 3:11-cv-273-J-37TEM, 2012 U.S. Dist. LEXIS 8367, at *11-12 (M.D. Fla. Jan. 25 2012) ("Defendant's claim … seeks a generalized holding of non-infringement – relief which is not cabined by conduct, an accused product, or a relevant time period. This Court will not give Defendant a judicial imprimatur that all of its products, services, and conduct are 'ok.'"); *GE Lighting Solutions, LLC v. Lights of Am., Inc.*, 2013 U.S. Dist. LEXIS 63677, at *4-6 (N.D. Ohio May 3, 2013) (dismissing for complete lack of factual support invalidity and non-infringement counterclaims in a patent-infringement suit); *Senju Pharm. v. Apotex*, 921 F.Supp.2d 297 (D. Del. 2013).

Without factual support, DEL-TON makes the boilerplate allegation that "[t]he claims of the '412 Patent are invalid and/or unenforceable for failure to comply with the requirements of 35 U.S.C. § 101 *et. seq.*, including without limitation §§ 101, 103, 112, and/or 171, and all applicable rules and regulations thereto," Counterclaims ¶ 64, and "seeks a declaratory judgment that the claims of the '412 Patent are invalid for failure to comply with the requirements of 35 U.S.C. § 101 *et. seq.*, including without limitation §§ 101, 103, 112, and/or 171." Counterclaims ¶ 87. Chapter 35 contains a dozen or so bases upon which to invalidate a patent. Each basis requires particular facts be proved. Indeed, without additional factual support, DEL-TON's allegation of blanket invalidity provides "little notice" of what DEL-TON is asserting. *See Worldtech Systems, Inc. v. Integrated Network Solutions, Inc.,* 609 F.3d 1308 (Fed.Cir. 2010); *see also Groupon, Inc. v. MobGob, LLC,* No. 10 C 7456, 2011 WL 2111986, *1-5, (N.D. Ill. May 25, 2011); *Omega Patents, LLC v. Lear Corp.,* 2007 WL 4247674 (M.D. Fla. Nov. 30, 2007).

DEL-TON also provides insufficient factual support for its more limited allegation that "[t]he claims of the '412 Patent are invalid and/or unenforceable because the '412 Patent fails to claim patentable subject matter as is require by 35 U.S.C. § 101," Counterclaims ¶ 84; *see also id.* ¶ 65. DEL-TON attempts to support this allegation with note in the '412 Patent's prosecution file from the supervising examiner to the examiner (the "File Note") with patentability concerns. *See* Counterclaims ¶¶ 66-72 & Ex. C. DEL-TON incorrectly implies that the File Note evidences the '412 Patent's alleged invalidity because the examiners discussed issues later addressed by the Supreme Court in *Alice Corp. v. CLS Bank Int'l,* 134 S.Ct. 2347 (2014), *see* Counterclaims ¶¶ 72-73, 85, when, in fact, the File Note evidences the opposite. If anything, the File Note demonstrates that the examiners were aware of the patentability issues that would later

8

be addressed in *Alice*, and that they found the '412 Patent, as it was or with later amendments, to be patentable. Indeed, the File Note evidences that the '412 Patent does claim patentable subject matter as is require by 35 U.S.C. § 101.

DEL-TON has plead no factual content that allows the Court to draw a reasonable interference that the claims of '412 Patent are invalid and/or unenforceable. Accordingly, the Second Counterclaim fails to satisfy the applicable pleading standards and should be dismissed.

DEL-TON's Second Counterclaim should also be dismissed because it serves no useful purpose. As argued above in relation to the First Counterclaim, the subject of Defendant's Second Counterclaim, namely '412 Patent's validity, will be decided by this Court as part of Plaintiff's affirmative case and Defendant's affirmative defenses thereto. *See* Answer 4; Loc. Pat. R. 303.1-8 (regarding the procedure for the exchange of invalidity contentions in patent litigation). Therefore, DEL-TON's Second Counterclaim for a declaratory judgment as to the '412 Patent's invalidity is redundant and unnecessary and should be dismissed.

The Court also should recognize that DEL-TON impermissibly incorporates by reference the entirety of its First Counterclaim into its Second Counterclaim, *see* Counterclaims ¶ 82, comingling its counterclaims in violation of Fed.R.Civ.P. 10(b). Thus VOIT prejudiced by its inability to properly answer DEL-TON's counterclaims. Resultantly, the Second Counterclaim should be dismissed.

> **D. DEL-TON's Third Counterclaim (Violation of the North Carolina Abusive Patent Assertions Act – N.C. Gen. Stat. §§ 75-140 *et seq.*) Should be Dismissed Because it is Preempted by Federal Law, Violates the First, and Fifth, and Fourteenth Amendments of the U.S. Constitution, and is Insufficiently Plead**

DEL-TON's Third Counterclaim for violation of APAA fails because it does not adequately allege that VOIT's claims of patent infringement are "objectively baseless" and made

9

in "bad faith," as is required by *Globetrotter* to avoid preemption[1] and the *Noerr-Pennington* doctrine to satisfy the First Amendment.

DEL-TON does not adequately plead facts demonstrating that VOIT's action for infringement of the '412 Patent is "objectively baseless in the sense that no reasonable litigation could realistically expect success on the merits." *IGEN Int'l*, 335 F.3d at 312 (quoting *Prof'l Real Estate Investors, Inc.*, 508 U.S. at 60 (1993)). Rather, it merely makes weak conclusory allegations that VOIT's claims are objectively baseless (1): because the '412 Patent claims to patent an abstract idea," Counterclaims ¶ 92, and (2) "because [DEL-TON] does not perform all of the steps of the claimed method of the '412 Patent," *id.* ¶ 9, that do not satisfy the.

DEL-TON ignores the fact that "[a] patent is presumed to be valid and in compliance with the requirements of patentability once it is issued by the Patent and Trademark Office." 6A-19 Chisum on Patents § 19.02 (citing 35 U.S.C. § 282); *see also Panduit Corp. v. Dennison Mfg. Co.*, 810 F.2d 1561, 1570 (Fed. Cir. 1987) ("The presumption mandated by § 282 is applicable to all of the many bases for challenging a patent's validity."). Merely pointing to *Alice* does not overcome the "strong presumption of validity for issued patents" and satisfy an alleged infringer's "burden of showing invalidity by facts supported by clear and convincing evidence." *Robotic Vision Systems, Inc. v. View Engineering Inc.*, 189 F.3d 1370, 1377 (Fed. Cir. 1999). DEL-TON focuses on the File Note regarding an examiner's concerns about the application for the '412 Patent, prior to its issuance. *See* Counterclaims ¶¶ 64-73. However, as discussed above, in Section III(c), a reasonable litigant can realistically interpret the File Note to demonstrate that the examiners were aware of the patentability issues that would later be addressed in *Alice*, and that they nonetheless found the '412 Patent, as it was or with later amendments, to be patentable.

---

[1] Indeed, the APAA "recognizes that North Carolina is preempted from passing any law that conflicts with federal patent law." N.C. Gen. Stat. § 75-141(a)(3).

A reasonable litigant can also realistically conclude that DEL-TON infringed the '412 Patent without directly performing each of the claimed method steps. Indeed, "[d]irect infringement under § 271(a) occurs where all steps of a claimed method are performed by *or attribute to* a single entity." *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015) (emphasis added). "An entity is responsible for others' performance of method steps … where the entity direct or controls the others' performance…." *Id.* In determining whether one party directs or controls another, the Federal Circuit has stated that it will consider the general principles of vicarious liability and hold "an actor liable for infringement under § 271(a) if it acts through an agent (apply traditional agency principles) *or contracts with another* to perform one or more steps of a claimed method." *Id.* at 1022-23 (emphasis added) (citing *BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1379-81 (Fed. Cir. 2007)).

Here, DEL-TON admittedly contracted with Volusion to create and manage its online store and that it agreed to Volusion's Terms of Service. *See* Counterclaims Ex. B ¶¶ 8-10, 13. Applying the law of the Federal Circuit, it is reasonable for a litigant to objectively believe that DEL-TON is liable for directly infringing the '412 Patent through its contracting with Volusion to perform the claimed method steps pursuant to a service agreement, conditioning of payment to Volusion upon Volusion's performance of those steps, and receiving a direct benefit of Volusion's performance of those steps.

Thus, DEL-TON's Third Counterclaim fails to adequately plead that VOIT's allegations of infringement are "objectively baseless" and subjectively made in "bad faith" and must be dismissed. As DEL-TON's Motion for Bond (DE 15) is based, in its entirety, on its Third Counterclaim, it should be denied as moot.

Even if DEL-TON's Third Counterclaim was not preempted and barred by the First Amendment, its request for a bond under N.C. Gen. Stat. § 75-144 violates VOIT's rights under the Fifth and Fourteenth Amendments by denying it equal access to the courts, and must not be enforced. Additionally, the Court also should recognize that DEL-TON impermissibly incorporates by reference the entirety of its First and Second Counterclaims into its Third Counterclaim, *see* Counterclaims ¶ 88, comingling its counterclaims in violation of Fed.R.Civ.P. 10(b). Thus VOIT prejudiced by its inability to properly answer DEL-TON's counterclaims. Resultantly, the Third Counterclaim should be dismissed.

## IV.  CONCLUSION

For the foregoing reasons, VOIT respectfully requests that the Court enter an order granting VOIT's Motion to Dismiss, dismissing DEL-TON's Counterclaims and Denying DEL-TON's Motion for Bond, and issuing VOIT all other just and equitable relief that the Court deems appropriate.

Dated: August 28, 2017.

Respectfully submitted,

*/s/ David F. Tamaroff*
David F. Tamaroff, Esq.
LIPSCOMB & PARTNERS, PLLC
25 SE 2nd Avenue, 8th Floor
Miami, Florida 33131
Tel: (786) 431-2326
Fax: (786) 431-2229
dt@lipscombpartners.com
Florida Bar No. 92084

And

Frank W. Leak, Jr. Esq.
LEAK & JAMISON, PLLC
P.O. Box 21026
Winston-Salem, NC 27120
Tel: (336) 245-1655
Fax: (336) 245-1655
frank.leak@thirtysixthirtylaw.com
North Carolina Bar No. 27937
Local Civil Rule 83.1 Counsel for Plaintiff
*Attorneys for Plaintiff VOIT Technologies, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on August 28, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Joseph A. Schouten
jas@wardandsmith.com

Caroline B. McLean
cbmclean@wardandsmith.com

*/s/ David F. Tamaroff*
David F. Tamaroff, Esq.
Florida Bar No. 92084
LIPSCOMB & PARTNERS, PLLC
25 SE 2nd Avenue, 8th Floor
Miami, Florida 33131
Tel: (786) 431-2326
Fax: (786) 431-2229
Email: dt@lipscombpartners.com
*Attorney for the Plaintiff*