IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-259-BO

| | | |
|---|---|---|
| VOIT TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DEL-TON, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the court on defendant's motion to dismiss [DE 13] for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Plaintiffs have responded, defendants have replied, and the matter is ripe for ruling. For the reasons discussed below, defendant's motion is granted.

## BACKGROUND

Del-Ton, Inc. is a firearms manufacturer based in Elizabethtown, North Carolina. They sell gun supplies and accessories over the internet using an online portal run by a third-party named Volusion. Plaintiff, VOIT Technologies, LLC, is a Florida company. Plaintiff has owned the patent in question, U.S. Patent No. 6,226,412 (abbreviated as the '412 Patent), since 2012. The patent was granted on May 1, 2001, with a priority date of March 24, 1995, and has since expired. On May 26, 2017, Plaintiff filed the instant lawsuit, alleging that Del-Ton's online shopping portal infringed on its patent, which patents "a method of buying and selling an item" through the internet. '412 Patent at 11:5. This is one of several lawsuits plaintiff has filed around the country alleging infringement of this patent, including in Texas, Colorado, and Florida. This

is the first suit it has filed in this district. Defendant has moved to dismiss on the grounds that what plaintiff claims to have patented cannot be patented, and so the patent is invalid.

## DISCUSSION

A motion to dismiss tests the legal sufficiency of the complaint. *See Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A motion will be granted when it "appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Whether something is patentable is a question of law. *OIP Techs, Inc. v. Amazon.com, Inc.* 788 F.3d 1359, 1362 (Fed. Cir. 2015). Therefore, patent eligibility can be evaluated at the motion to dismiss stage. *buySAFE, Inc. v. Google, Inc.*, 765 F.3d 1350, 1352 (Fed. Cir. 2014).

I.   Claim Construction

A preliminary issue is whether a claim construction hearing is necessary here before determining the validity of the patent. This Court finds that it is not. "[C]laim construction is not an inviolable prerequisite to a [patent's] validity determination." *Content Extraction & Trans., LLC v. Wells Fargo Bank N.A.*, 776 F.3d 1343, 1349 (Fed. Cir. 2014). When there are claim construction disputes, it is generally preferable to resolve them prior to determining eligibility. *Bankcorp Servs., LLC v. Sun Life Assur. Co. of Canada (U.S.)*, 687 F.3d 1266, 1273-74 (Fed. Cir. 2012). A claim construction hearing brings clarity by developing further evidence to resolve the disputes. *See InVue Sec. Prods. v. Mobile Tech, Inc.*, 2016 WL 1265263 at *2-3 (W.D.N.C. Apr. 14, 2016). Plaintiff argues that there are "glaring disputes as to the meaning of the '412

2

Patent's claims and the general nature of the invention itself." [DE 32 at 9]. Not all disputes in patent litigation are claim construction disputes. That the dispute here is not one to be resolved by claim construction is indicated by defendant's Reply, in which it argues that plaintiff's patent would be invalid even if this Court adopted all of plaintiff's constructions. [DE 24 at 7-8]. Because of this, this Court finds that claim construction is not needed, and will proceed immediately to the issue of whether plaintiff's patent is valid under 35 U.S.C. § 101.

II. Patent Validity

A patent may be granted to a "new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof." 35 U.S.C. § 101. If the patent in question is not eligible for patenting, a dismissal of a patent infringement claim is appropriate. *E.g., Mankes v. Fandango, LLC,* 2017 WL 782291 at *4-5 (E.D.N.C. Feb. 28, 2017). The burden of establishing invalidity is on the party asserting that invalidity. 35 U.S.C. § 282.

The Supreme Court has articulated a two-part test for determining whether a concept is patentable. *Alice Corp. Pty. Ltd. V. CLS Bank Intern.*, 134 S.Ct. 2347, 2355 (2014). The first question is "whether the claims at issue are directed to a patent-ineligible concept," such as a natural phenomenon or an abstract idea. *Id.* If so, the inquiry moves to step two: whether there is an "inventive concept—i.e., an element or combination of elements that is sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the ineligible concept itself." *Id.*

A. Patent-Eligible Concepts

Here, then, the first issue is whether what plaintiff has in its '412 patent is patent-eligible or not. This Court finds that it describes an abstract idea, and so it is not.

3

Abstract ideas, principles, fundamental truths, original causes, or motives cannot be patented. *Le Roy v. Tatham*, 14 How. 156, 175 (1853). The distinction separates the descriptive from the generative. This is because patents are designed to protect that which an individual can lay claim to. *Id.* If a creator is articulating something that already existed, there is no novelty there, and patents exist to protect the new and useful. *See* 35 U.S.C. § 101.

Entrepreneurial innovations are distinguished from technological innovations. *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 715 (Fed. Cir. 2014). When an ordered combination of steps recites an abstraction, it simply delivers the idea of that process, nothing more. *Id.* Describing a procedure is an abstract idea, and is not a patent-eligible concept. *Bilski v. Kappos*, 561 U.S. 593, 599 (2010). Nor do concepts become eligible merely by being a solution to a known problem. *Id.* at 599-601. The fact that a claim references "concrete, tangible components" does not on its own mean that the claim is not abstract. *In re TLI Communications LLC Patent Litigation*, 823 F.3d 607, 611 (Fed. Cir. 2016). When a methodology is being considered as a patent, the narrowness and specificity of application of the methodology aids its case. *DDR Holdings, LLC v. Hotels.com L.P.*, 773 F.3d 1245, 1259 (2014). "The claims at issue d[id] not attempt to preempt every application of the idea." *Id.* The use of conventional technology in a "nascent but well-known environment," however, is not specific or narrow. *See in re TLI Communications*, 823 F.3d at 612. A business, or other, idea does not become patent eligible because it is about computers. Technological innovations must be innovations as well as technological. *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d at 715. A series of steps describing an abstract idea is just that, nothing more.

Plaintiff's patent describes the idea of transmitting compressed images from one computer to another in order to facilitate the buying and selling of goods. But plaintiff was

unable to articulate at the hearing, and does not attempt to do so in its briefing, what it is that it has actually invented. Instead, the patent strings together a description of things that already existed, and calls that series of steps patent-eligible. It is not.

The patent repeatedly discusses image compression, but its text explains that "actual data compression methods employed could include the industry standard JPEG format . . . or other proprietary or commercially available techniques." '412 Patent at col. 6, 11:60-64; [DE 1 Ex. A]. Similarly, the relational databases mentioned were well-established at the time of the patent application, and plaintiff makes no attempt to claim this patent is for the invention of a relational database. *See Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327 (Fed. Cir. 2016) (discussing an attempt to improve relational databases by a patent contemporary to the one at issue here). "Creating multiple sets of unique records managed in a unique way" is unexplained, but that may be for the best, as making copies is not an invention. [DE 32 at 12]. Finally, as plaintiff concedes, the method described is done on general equipment. [DE 32 at 20].

What's left is the idea of using these concepts in order to sell products. That is to say, rather than being an "asserted improvement in computer capabilities," the patent deals with an "abstract idea for which computers are invoked merely as a tool." *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1336 (Fed. Cir. 2016). Plaintiff's patent, then, is an abstract idea and falls within step one of *Alice*.

B. Inventive Concept

Once it is established that a patent is of an abstract idea, the inquiry moves to whether there is a saving element: the presence of an inventive concept. Some abstract ideas will result in a patentable claim, if the claims "do significantly more than simply describe that abstract method." *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 721 (Fed. Cir. 2014). Detailing the

results of the idea is not sufficient. *See Intellectual Ventures I, LLC v. Capital One Bank (USA)*, 792 F.3d 1363, 1367 (Fed. Cir. 2015) ("[C]laiming the improved speed or efficiency inherent with applying the abstract idea on a computer" is not enough). Nor is the addition of generic steps, or applying the idea to a particular technological environment. *Internet Patents Corp. v. Active Network, Inc.*, 790 F.3d 1343, 1349 (Fed. Cir. 2015).

The "machine-or-transformation test" plaintiff discusses predates *Alice*, but can be used as evidence that a patent of an abstract idea meets step two. *See Intellectual Ventures I LLC v. Symantec Corp.*, 100 F. Supp. 3d 371, 403 (D. Del. 2015), *aff'd in part, rev'd in part*, 838 F.3d 1307 (Fed. Cir. 2016). Essentially, patented processes that are housed in specific technological devices are more likely to contain inventive concepts under step two of *Alice* than those that are not. Even if this test were dispositive, Plaintiff's process references nothing more specific than a "uniquely identifiable remote data terminal" or "a telephone." '412 Patent 11:5-12:24; [DE 32 at 21-22].

Plaintiff's claim proceeded from step one because it described an abstract idea. The fact that it implements this abstract idea through a series of steps is not enough to find that it has an inventive concept. Plaintiff has pointed to problems with image storage and transmission at the time of the patent's application and priority date, and argues that improved image compression is the inventive concept. But image compression as utilized by this process predated the '412 patent, as discussed above. Plaintiff's reference to its "unconventional central relational database" is also not enough to sustain a finding of an inventive concept, as it does not explain what is unconventional about it. [DE 32 at 28].

The additional features required by step two are not present here. Accordingly, this Court finds that the '412 patent describes a process that cannot be patented. When a patent

infringement claim is brought on the basis of a patent that fails as a matter of law, dismissal of the claim is appropriate.

## CONCLUSION

For the foregoing reasons, defendant's motion is GRANTED [DE 13]. As this closes the case, all other active motions are DENIED AS MOOT.

SO ORDERED, this 12 day of January, 2018

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE