IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-259-BO

| | | |
|---|---|---|
| VOIT TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| DEL-TON, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the court on defendant's motion for attorneys' fees. [DE 48]. The matter has been fully briefed and is ripe for ruling. For the following reasons, defendant's motion is GRANTED.

## BACKGROUND

Del-Ton, Inc. is a firearms manufacturer based in Elizabethtown, North Carolina. They sell gun supplies and accessories over the internet using an online portal run by a third-party named Volusion. Plaintiff, VOIT Technologies, LLC, filed suit in this Court on May 26, 2017, alleging that Del-Ton's online portal infringed on its patent, U.S. Patent No. 6,226,412. A hearing was held before the undersigned on November 16, 2017. On January 11, 2018, this Court granted defendant Del-Ton's motion to dismiss, finding that plaintiff's patent was invalid. Del-Ton then moved for an award of attorneys' fees.

## DISCUSSION

The Patent Act authorizes a Court to award attorneys' fees to the prevailing party in exceptional cases. 35 U.S.C. § 285. A case is exceptional when a party's litigation position is particularly strong, or the case was litigated in an unreasonable manner. *Octane Fitness, LLC v.*

*ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). District courts have discretion to make this determination, in consideration of the totality of the circumstances. *Id.* Factors that indicate unreasonableness include frivolousness, motivation, objective unreasonableness, and the need for deterrence. *Id.* at n. 6.

Here, the Court finds that plaintiff litigated this case in an unreasonable manner and an award of fees is appropriate, due to the need for deterrence, plaintiff's motivation, and the frivolousness of plaintiff's case.

Plaintiff's pattern of litigation indicates its motivation is problematic and deterrence is warranted. Plaintiff's business model as plaintiff itself calls its motivation into question. [DE 55 at 24]. ("VOIT only sued infringers it believed could afford to pay a reasonable royalty, and in so doing, sued entities with far superior resources than VOIT itself."). Plaintiff filed suit based on the expired patent held invalid here 37 times in fifteen months. [DE 24-2]. Most of those cases were resolved by settlement, some even before the filing of an answer, and this Court was the first to rule on the validity of the patent. *Id.* The conclusion that plaintiff was fishing for settlements obviously follows.

Next, plaintiff's actions in this specific case show it behaved unreasonably. For example, plaintiff filed a Notice of Settlement in Principle [DE 44], apparently without arriving at any agreement with defendant. *See* [DE 45]. Additionally, in its response to defendant's motion for fees, plaintiff expresses frustration that defendant was disinclined to pay plaintiff to resolve the case. [DE 55 at 25] ("Del-Ton spent over seven times as much on attorneys' fees as VOIT's initial settlement offer."). Plaintiff claims that Del-Ton was unreasonable because it filed a motion to dismiss "even though it knew a settlement offer from VOIT was forthcoming." [DE 55

2

at 26]. It is axiomatic that a plaintiff should want a case to be heard on its merits. The fact that plaintiff here clearly did not demonstrates that a fee award is appropriate.

Finally, plaintiff's pleadings and representations at the hearing demonstrate the frivolousness of its case. Plaintiff was unable to explain, either in briefing or at the hearing, what inventive concept the patent purportedly protected. This is foundational to bringing a claim for patent infringement, and plaintiff could not do it. For these reasons, the Court finds this case is exceptional and attorneys' fees should be awarded to defendant.

The question now is what fees are reasonable. This Court has the discretion to determine the amount of a fee award. *Mercer v. Duke Univ.*, 30 F. Supp. 2d 454, 466 (M.D.N.C. 2004) (citing *Hensley v, Eckerhart*, 461 U.S. 424, 437 (1983), abrogated on other grounds by *Tex. States Teachers Assoc. v. Garland Indep. Sch. Dist.*, 489 U.S 782 (1989)). To calculate an award of attorneys' fees, the court "must first determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Robinson v. Equifax Info Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009).

Factors to consider in determining the reasonableness of the hours and rate include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Hensley*, 461 U.S. at 430 n.3 (quoting *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)).

The party requesting fees bears the burden of establishing the reasonableness of the requested rate and "must produce satisfactorily specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award." *Id.* at 244. Other facts may lead the court "to adjust the fee upward or downward . . ." *Hensley*, 461 U.S. at 434.

Defendant has submitted a declaration detailing billing information in support of its request for attorneys' fees and costs. [DE 49-6]. Defendant seeks $128,535.00 in fees and $716.75 in related expenses. *Id.* The Court has considered all the facts, the circumstances of this litigation, as well as the declarations and affidavits submitted by defendant. [DE 49-6, 49-7]. The Court finds the rates proposed by defendant to be reasonable for this region and under the standards laid out by the Fourth Circuit. *See Robinson*, 560 F.3d at 243; *Grissom v. Mills Corp.*, 549 F.3d 313, 321 (4th Cir. 2008).

A fee applicant also must establish the reasonableness of the hours requested. *See Hensley*, 461 U.S. at 437. After reviewing the affidavits and billing statements submitted by plaintiffs, the Court finds that the defendant has requested a reasonable number of hours. Defendant has demonstrated with sufficient particularity that the hours requested were properly billable and appropriately performed by defendant's attorneys.

Plaintiff has challenged defendant's calculation in three ways. Plaintiff argues defendant should not recover the fees incurred in preparing the motion for bond, that more work should have been delegated to associates, and that defendant did not comply with Local Rule 54.1(a)(1). Each of these challenges is without merit. The motion for bond was not frivolous, the allocation of work was not improper, and as defendant is not seeking the recovery of taxable costs, Rule 54.1(a)(1) does not apply.

4

Case 5:17-cv-00259-BO   Document 59   Filed 08/06/18   Page 4 of 5

Therefore, defendant's motion to award attorneys' fees is GRANTED. The Court finds that an award of $128,535.00 in fees and $716.75 in additional expenses is reasonable given the extent of litigation in this matter and the circumstances of the case. In crafting this remedy, the Court has carefully considered what amount will compensate plaintiff for its losses without being punitive and what is reasonable under the applicable statutes and standards.

## CONCLUSION

For the foregoing reasons, defendant's motion is GRANTED [DE 48].

SO ORDERED, this __3__ day of August, 2018.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE