IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NO.: 5:17-CV-259-BO

VOIT TECHNOLOGIES, LLC,      )
                      )
          Plaintiff,     )
                      )
          v.          )
                      )
DEL-TON, INC.,          )
          Defendant.   )

**DEFENDANT DEL-TON, INC.'S MEMORANDUM OF LAW
IN SUPPORT OF SUPPLEMENTAL MOTION FOR ATTORNEYS' FEES**

Joseph A. Schouten
N.C. State Bar I.D. No.:  39430
email:  jas@wardandsmith.com
Marla S. Bowman
N.C. State Bar I.D. No.:  49097
email:  msbowman@wardandsmith.com
For the firm of
Ward and Smith, P.A.
Post Office Box 33009
Raleigh, NC  27636-3009
Telephone:  919.277.9100
Facsimile:  919.277.9177
Attorneys for Defendant Del-Ton, Inc.

# TABLE OF CONTENTS

NATURE OF THE CASE ...................................................................................................1

STATEMENT OF FACTS ...............................................................................................2

    I.    Voit Engaged in an Abusive Litigation Campaign to Extract
        Nuisance-Value Settlements with Respect to its '412 Patent......................2

    II.   This Court Determined that the '412 Patent Was Not Patent-
        Eligible, Thereby Ending Voit's Litigation Campaign ...............................3

    III.  This Court Awarded Del-Ton Its Attorneys' Fees Incurred Through
        January 2018, Finding This Case Exceptional under 35 U.S.C. §
        285.........................................................................................................5

    IV.  The Federal Circuit Affirmed this Court's Rule 12(b)(6) Judgment
        Without Oral Argument and Only One Day after Submission of the
        Appeal ......................................................................................................6

ARGUMENT ...................................................................................................................8

    I.    Standard of Review.....................................................................................8

    II.   This Court's Prior Determination of Exceptionality Encompasses
        All Stages of this Action ............................................................................9

    III.  In the Alternative, Voit's Appeal and Failure to Pay the First Fees
        Order Judgment as Required by Law Independently Satisfy the §
        285 Exceptionality Standard ....................................................................10

    IV.  Del-Ton is Entitled to Additional Reasonable Attorneys' Fees in
        the Amount of $121,246.04 ......................................................................13

        A.    The Legal Standard for Calculating an Award of Attorneys'
                Fees ..............................................................................................14

        B.    This Court Has Already Determined that the Rates for Del-
                Ton's Counsel Are Reasonable .....................................................16

        C.    Del-Ton Has Established that the Hours Expended by Its
                Counsel Are Reasonable ...............................................................16

CONCLUSION................................................................................................................18

i

## NATURE OF THE CASE

Del-Ton filed this Motion because Voit's exceptional and unreasonable conduct has again caused Del-Ton to incur unnecessary fees as part of Voit's abusive litigation campaign. This Court already has: (1) dismissed this action on Del-Ton's Rule 12(b)(6) Motion to Dismiss, finding that Voit's '412 Patent was not patent-eligible under the Supreme Court's *Alice* decision, (Dkt. 46); and (2) granted Del-Ton's first Motion for Attorneys' Fees incurred through January 2018, finding that fees were warranted because this case qualifies as "exceptional" under Section 285 of the Patent Act, (Dkt. 59) (referred to herein as the "First Fees Order").

Voit appealed both orders to the United States Court of Appeals for the Federal Circuit. (Dkts. 50, 63). On February 8, 2019, the Federal Circuit affirmed this Court's judgment granting Del-Ton's Motion to Dismiss. *Voit Tech., LLC v. Del-Ton, Inc.*, --- Fed. Appx. ---, 2019 WL 495163 (Fed. Cir. Feb. 8, 2019). Less than 24 hours after formal submission of that appeal, the Federal Circuit agreed with this Court's dismissal of Voit's claim based on binding precedent rejecting similar claims and Voit's complete inability to differentiate its patent.

Del-Ton now seeks to recover the reasonable attorneys' fees incurred in this case from January 31, 2018 (the day Voit filed its first Notice of Appeal) through the present. These fees are warranted because this Court's prior finding of exceptionality encompasses all phases of the litigation, including appeals and collection efforts for awarded fees. An award of fees also is warranted because Voit's filing and pursuit of a meritless appeal and refusal to pay the amount required by the First Fees Order represent independent grounds for a finding of exceptionality.

The record and evidence in this case establish that the rates charged and hours expended by Del-Ton's counsel are reasonable and appropriate. Therefore, this Court should award Del-Ton additional fees in the amount of $121,246.04 under Rule 54(d)(2)(A).

1

# STATEMENT OF FACTS

## I.      Voit Engaged in an Abusive Litigation Campaign to Extract Nuisance-Value Settlements with Respect to its '412 Patent.

Del-Ton is a firearms manufacturer that specializes in AR-15 rifles and associated accessories and parts. (Dkt. 12, Counterclaims, at ¶ 8). Del-Ton is an eastern North Carolina company, with its headquarters in Elizabethtown, Bladen County, North Carolina. (*Id.* at ¶ 9). Del-Ton began operating in or about 1998 and became an online source for quality custom rifle kits, rifle parts, upgrades, optics, and accessories. (*Id.* at ¶¶ 8, 10).

Voit is a non-practicing entity that does not make or sell products; instead, it owns at least one patent and makes its money by suing companies across the United States that it claims utilize the technology purportedly covered by its patent. (*Id.* at ¶¶ 12–13). From September 9, 2016 through December 18, 2017, Voit filed 37 similar lawsuits, including this one, in the federal courts of Florida, Texas, North Carolina, and Colorado. (Dkt. 49-2). The targets of Voit's efforts were small, independent businesses, like Del-Ton, that contracted with the same third party to set up and manage the day-to-day operations of their online stores.

In each lawsuit, Voit claimed that the defendants' online stores infringed United States Patent No. 6,226,412 ("the '412 Patent"). (*See, e.g.*, Dkt. 1). Voit engaged in this abusive litigation campaign to extract early nuisance-value settlements from the defendants while avoiding a determination as to the eligibility of the '412 Patent for patenting.[1]

Voit followed the same vexatious pattern in this action. On May 26, 2017, Voit filed its Complaint against Del-Ton for patent infringement. (Dkt. 1). Although Voit initially offered Del-Ton a nuisance settlement amount of $20,000.00, Del-Ton refused and instead filed a Rule 12(b)(6)

---

[1] Del-Ton's Memorandum of Law in support of its first Motion for Attorneys' Fees includes a complete statement of facts about Voit's abusive litigation campaign and unscrupulous conduct. (*See* Dkt. 49).

motion to dismiss challenging the '412 Patent's eligibility for patenting under *Alice*. (Dkt. 49-6 at ¶¶ 26–27; Dkts. 13–14). In response, Voit filed a flurry of frivolous motions as a tactic to delay the case, increase Del-Ton's litigation costs, and force settlement. (*See, e.g.*, Dkts. 21, 23, 25).

After the briefing and hearing on Del-Ton's Motion to Dismiss, Voit's counsel contacted Del-Ton's counsel on two separate occasions to urge settlement so that Voit could avoid a ruling on the merits of the Motion to Dismiss. (Dkt. 49-6 at ¶¶ 32–33). When Del-Ton refused to pay any sum of money and the 12(b)(6) ruling was potentially imminent, Voit's counsel offered a complete "walk away" from the suit rather than risk an adverse ruling on patent eligibility. (*Id.* at ¶ 33). But Del-Ton once again refused, prompting Voit to seek simply to end the litigation.

On January 10, 2018, Voit filed a Notice of Settlement in Principle. (Dkt. 44). This Notice stated that Voit had reached a settlement "in principle" with a third party and that the settlement would "render moot all issues" raised in the litigation, including Del-Ton's Motion to Dismiss. (*Id.* at 1). On that same date, Del-Ton filed a Response to Voit's Notice pointing out that Voit's purported settlement with a third party did not moot Del-Ton's ability to seek recovery of the attorneys' fees expended in this litigation. (Dkt. 45 at 3–4). The next day, the Court filed its Order granting Del-Ton's Motion to Dismiss. (Dkt. 46).

## II.   This Court Determined that the '412 Patent Was Not Patent-Eligible, Thereby Ending Voit's Litigation Campaign.

In its January 11, 2018 Order, this Court found Voit's patent infringement claim to be meritless under the two-pronged test set forth by the Supreme Court in *Alice Corp. v. CLS Bank International*, 134 S. Ct. 2347 (2014). The first prong of the *Alice* test is "whether the claims at issue are directed to a patent-ineligible concept," such as an abstract idea. 134 S. Ct. at 2355. In finding that the '412 Patent was directed to an abstract idea, this Court emphasized Voit's inability to even articulate what it had invented:

> Plaintiff's patent describes the idea of transmitting compressed images from one computer to another in order to facilitate the buying and selling of goods. But plaintiff was unable to articulate at the hearing, and does not attempt to do so in its briefing, what it is that it has actually invented. Instead, the patent strings together a description of things that already existed, and calls that series of steps patent-eligible. It is not.

*Voit Tech., LLC. v. Del-Ton, Inc.*, 2018 WL 385188, at *2 (E.D.N.C. Jan. 11, 2018).

Voit's arguments under the second prong of the *Alice* test were equally meritless. Where the patent claim is an abstract idea, the second prong requires an analysis of whether there is an "inventive concept," *i.e.*, an "element or combination of elements that is sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the ineligible concept itself." *Alice*, 134 S. Ct. at 2355 (citation and internal quotation omitted). This Court easily dismissed Voit's argument that the patent had an inventive concept:

> The fact that [the patent claim] implements this abstract idea through a series of steps is not enough to find that it has an inventive concept. Plaintiff has pointed to problems with image storage and transmission at the time of the patent's application and priority date, and argues that improved image compression is the inventive concept. But image compression as utilized by this process predated the '412 patent. . . . Plaintiff's reference to its "unconventional central relational database" is also not enough to sustain a finding of an inventive concept, as it does not explain what is unconventional about it.

*Voit Tech., LLC*, 2018 WL 385188 at *3. Further, Voit failed to distinguish federal cases cited by Del-Ton and the Court as to this second prong. *See, e.g.*, *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 715–16 (Fed. Cir. 2014) (abstract ideas must do more than "simply describe that abstract method"; steps implementing the abstract idea with "routine, conventional activit[ies]" do not suffice to "transform the patent-ineligible abstract idea into patent-eligible subject matter"(alteration in original)); (Dkt. 14 at 9; Dkt. 46 at 4–6).

After this Court issued its January 11 Order, Voit quickly either settled its other open cases "in principle" or voluntarily dismissed them without prejudice. (Dkt. 49-2). All of the 37 cases

Voit filed in its litigation campaign to extort nuisance-value settlements were closed by January 17, 2018, less than a week after this Court's Order was entered.

## III. This Court Awarded Del-Ton Its Attorneys' Fees Incurred Through January 2018, Finding This Case Exceptional under 35 U.S.C. § 285.

On January 25, 2018, Del-Ton filed its Motion for Attorneys' Fees, seeking its fees incurred from the date the Complaint was filed through the date its motion for fees was filed. (Dkt. 48). Del-Ton brought its fees motion under 35 U.S.C. § 285, which authorizes an award of attorneys' fees to the prevailing party "in exceptional cases." The Supreme Court has determined that a case is exceptional when a party's litigation position lacked substantive strength **_or_** it litigated the case in an unreasonable manner. *See Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756–58 (2014). Del-Ton argued that Voit's meritless patent claim and abusive litigation campaign rendered this case "exceptional" on both grounds. (Dkt. 49).

By Order filed August 6, 2018, this Court agreed. *Voit Tech., LLC v. Del-Ton, Inc.*, 2018 WL 3732671 (E.D.N.C. Aug. 6, 2018). On the first independent basis supporting an award of fees (strength of position), the Court found that Voit's pleadings and representations at the motion to dismiss hearing "demonstrate the frivolousness of its case. Plaintiff was unable to explain, either in briefing or at the hearing, what inventive concept the patent purportedly protected. This is foundational to bringing a claim for patent infringement, and plaintiff could not do it." *Id.* at *2.

The Court found that this case was exceptional for a second, independent reason (unreasonable litigation) as well. The Court based this decision on: (1) Voit's pattern of litigation, filing 37 suits in 15 months seeking nuisance settlements; and (2) its conduct in this case, filing a Notice of Settlement in Principle without arriving at a settlement with Del-Ton and attempting to avoid a decision on the merits. *Id.* at *1–3 ("It is axiomatic that a plaintiff should want a case to be heard on its merits.")

Accordingly, the Court determined that the case was exceptional under § 285 and awarded Del-Ton the total amount of fees it requested—$128,535.00. *Id.* The Court found that the hourly rates Del-Ton's counsel charged were "reasonable for this region" based on the Declarations of Joseph Schouten, lead counsel for Del-Ton, and Robert Morris, an attorney practicing patent litigation in the same locality as Mr. Schouten. *Id.* The Court also determined that the amount of hours requested was reasonable based on Mr. Schouten's Declaration and the billing statements he submitted. *Id.*

## IV. The Federal Circuit Affirmed this Court's Rule 12(b)(6) Judgment Without Oral Argument and Only One Day after Submission of the Appeal.

On January 31, 2018, Voit filed a Notice of Appeal with respect to this Court's January 11, 2018 Order granting Del-Ton's Motion to Dismiss. (Dkt. 50). After briefing was complete, the Federal Circuit noticed the case for oral argument to be held on February 7, 2019. (Fed. Cir. Dkt. 43). [2] Voit waived oral argument, (Fed. Cir. Dkt. 46), while Del-Ton did not, (Fed. Cir. Dkt. 47). On January 28, 2019, the Federal Circuit ordered the appeal to be submitted to the three-judge panel on the briefs without oral argument. (Fed. Cir. Dkt. 48).

On February 8, 2019, only one day after the appeal was submitted to the panel, the Federal Circuit issued an order affirming this Court's judgment. (Fed. Cir. Dkts. 50–51). The Federal Circuit first agreed with this Court that, under 35 U.S.C. § 101, the '412 Patent's claims were "directed to" an abstract idea. *Voit Tech., LLC*, 2019 WL 495163 at *2. The Federal Circuit noted that it had "previously determined that similar claims" were "directed to patent-ineligible subject matter," citing to *In re TLI Communications*, a case relied on by this Court as well. *Id.* at *2–3; *Voit Techs., LLC*, 2018 WL 385188, at *2 (citing *In re TLI*, 823 F.3d 607, 611 (Fed. Cir. 2016)).

---

[2] Filings made in Voit's appeal to the Federal Circuit as to this Court's judgment of dismissal will be referred to as "Fed. Cir. Dkt. __."

Under the first prong of *Alice*, the Federal Circuit rejected as "unsupported" Voit's "broad assertion" that the '412 Patent was *not* an abstract idea because it improved the functioning of the computer. *Voit Techs., LLC*, 2019 WL 495163, at *2. As the Court stated, "Voit fails to explain how employing different formats, as claimed, improves compression techniques or the functioning of the computer. Instead, the specification demonstrates that the Asserted Claims are directed to use of generic computer components performing conventional compression techniques to carry out the claimed invention." *Id.*

The Federal Circuit found that the '412 Patent did not recite an inventive concept under the second *Alice* prong. *Id.* Under clear federal law, claims directed to an abstract idea which "'merely requir[e] generic computer implementation'" do not "'move into [§] 101 eligibility territory.'" *Id.* (quoting *buySAFE, Inc. v. Google, Inc.*, 765 F.3d 1350, 1354 (Fed. Cir. 2014)). Specifically, claims directed to improved speed or efficiency related to applying the abstract idea on a computer do not demonstrate an inventive concept. *Id.* And, although Voit asserted that its patent improved speed, the Federal Circuit criticized Voit's complete lack of support for this contention:

> Moreover, Voit has to do more than simply restate the claim limitations and assert that the claims are directed to a technological improvement without an explanation of the nature of that improvement. General statements of "advanced image data compression" or faster communications will not suffice where it is unclear *how* the different compression format claim limitations actually achieve the alleged improvements.

*Id.* at *3 (internal citations omitted).

Finally, the Federal Circuit quickly disposed of Voit's "primary counterargument" that this Court erred by not recognizing that the patent's "'*ordered* combination'" recited the inventive concept of improving client-server communications by using "'batch uploading'" and performing "'image capture on a non-interactive basis.'" *Id.* As the Federal Circuit explained, "[e]ven if captured in the Asserted Claims, those steps are generic and

conventional; considering them as part of an ordered combination 'add[s] nothing . . . that is not already present when the steps are considered separately.'" *Id.* (quoting *Alice*, 134 S. Ct. at 2351 (alteration in original)).

## ARGUMENT

### I.     Standard of Review.

Under 35 U.S.C. § 285, the court "in exceptional cases" may award reasonable attorneys' fees to the prevailing party.  In *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014), the United States Supreme Court rejected the Federal Circuit's interpretation of this statute as "overly rigid" and "demanding" and set forth a flexible test for exceptionality:

> We hold, then, that an "exceptional" case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated.  District courts may determine whether a case is "exceptional" in the case-by-case exercise of their discretion, considering the totality of the circumstances.

*Id.* at 1756–58.  The Supreme Court also rejected the Federal Circuit's requirement that patent litigants establish their entitlement to fees by "clear and convincing evidence," holding that "nothing in § 285 justifies such a high standard of proof." *Id.* at 1758.  The Court made clear that § 285 "demands a simple discretionary inquiry" and "imposes no specific evidentiary burden." *Id.*

Based on this Court's previous finding of exceptionality under § 285, Del-Ton is entitled to its reasonable attorneys' fees incurred during the appeal and Del-Ton's attempts to collect on the First Fees Order. In the alternative, a separate finding of exceptionality is warranted for the frivolous nature of Voit's appeal and its complete failure to pay the First Fees Order judgment as required by law.  A supplemental motion for fees is the proper method to request additional fees. *See, e.g.*, *Home Gambling Network, Inc. v. Piche*, 2015 WL 1734928, at *6–7 (D. Nev. April 16, 2015) (the defendants permissibly supplemented their initial fee motion to seek fees incurred on

appeal); *Innovention Toys, LLC v. MGA Entertainment*, 2017 WL 3206688, at \*3 (E.D. La. April 5, 2017), *aff'd*, 733 Fed. Appx. 1024 (Fed. Cir. 2018) (granting the plaintiff's supplemental motion for fees incurred on appeal).

## II. This Court's Prior Determination of Exceptionality Encompasses All Stages of this Action.

The Federal Circuit has made clear that § 285 permits the trial court to award fees for the entire case, including any subsequent appeals. *Inventor Holdings, LLC v. Bed Bath & Beyond, Inc.*, 876 F.3d 1372, 1380 (Fed. Cir. 2017); *PPG Industries, Inc. v. Celanese Polymer Specialties Co., Inc.*, 840 F.2d 1565, 1569 (Fed. Cir. 1988). As explained in *Therasense, Inc. v. Becton, Dickinson and Co.*, 745 F.3d 513 (Fed. Cir. 2014), "[c]ivil litigation often includes numerous phases. But a case should be viewed more as an 'inclusive whole' rather than as a piecemeal process when analyzing fee-shifting under § 285." *Id.* at 516 The district court is in the best position to award fees for the entire course of the litigation, including appeals, because of its "'superior understanding of the litigation.'" *Id.* at 517 (quoting *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160 (1990)); *see also Inventor Holdings*, 876 F.3d at 1380 (the "obvious issues" with the plaintiff's patent claims "persisted throughout the § 101 appeal" and the district court could "readily assess these issues as a collective whole").

Not only may the district court award fees for the appeals phase of litigation, but it also is not required to make a separate finding of exceptionality as to this phase. In *Dippin' Dots, Inc. v. Mosey*, 602 F. Supp. 2d 777 (N.D. Tex. 2009), the plaintiffs argued that the defendant was required to "make a separate showing that the appeal itself is exceptional" and that fees "have to be separately justified for each phase of a case." *Id.* at 783–84. The court rejected this argument based on the Supreme Court's opinion in *Commissioner, I.N.S. v. Jean*, 496 U.S. 154 (1990). *Dippin' Dots, Inc.*, 602 F. Supp. 2d at 784. The court found that only one threshold finding of

exceptionality was necessary to establish the defendant's eligibility for attorneys' fees under § 285. *Id.* Because the district court had already determined that the case was exceptional, the defendant was entitled to its attorneys' fees for defending against the plaintiffs' appeal and pursuing its motion for fees, without a second determination of exceptionality. *Id.* at 783; *see also Innovention Toys*, 2017 WL 3206688, at *2 (court exercised its discretion to award fees for appellate work where it had previously found the case to be exceptional); *Action Star Enterprise Co., Ltd. v. KaiJet Tech. Int'l, Ltd.*, 2015 WL 12752877, at *3 (C.D. Cal. June 24, 2015) (an appeal is not required to be "independently exceptional" to justify an award of fees under § 285).

Here, this Court has already determined that this case is exceptional. In its August 6, 2018 Order, the Court found that the *Octane Fitness* test was satisfied for two, independent reasons: (1) Voit's claim for patent infringement was "frivolous" because it could not even explain what "inventive concept the patent purportedly protected"; and (2) Voit had engaged in unreasonable litigation conduct. *Voit Tech., LLC*, 2018 WL 3732671 at *1–2. This Court concluded that an award of fees was appropriate "due to the need for deterrence, plaintiff's motivation, and the frivolousness of plaintiff's case." *Id.* at *1. No further determination of exceptionality is needed for this Court to award attorneys' fees for the appeals and collections phase of this case.

### III. In the Alternative, Voit's Appeal and Failure to Pay the First Fees Order Judgment as Required by Law Independently Satisfy the § 285 Exceptionality Standard.

Even though Del-Ton is not required to show that Voit's subsequent conduct independently satisfies the § 285 exceptionality standard, it is clear that Voit's subsequent conduct meets this bar. This is apparent from a brief review of the totality of the circumstances and the Federal Circuit's quick and clear ruling affirming this Court.

*First,* courts have found appeals exceptional where the plaintiff persisted in appealing a meritless action or failed to evaluate the merits of its claim before appealing. *See Action Star*,

2015 WL 12752877, at *3 (awarding appellate fees where the plaintiff "brought a meritless case and then extended that case, and [the defendant's] costs, via the appeal"; noting that the plaintiff "should have appraised and considered the prospects of winning on appeal before appealing" (internal quotation omitted)); *Inventor Holdings*, 876 F.3d at 1380 (district court properly awarded appellate attorneys' fees where the plaintiff should have recognized "obvious issues" with its patent claims, which "persisted throughout the § 101 appeal"); *In re Bill of Lading Transmission and Processing System Patent Litigation*, 2018 WL 2578225, at *3–4 (S.D. Ohio June 4, 2018) (finding the appeal was exceptional where it was "simply the culmination of a series of positions and actions taken reflecting the unreasoning pursuit of [the plaintiff's] perceived competitors" and "[a]ny reasonable litigant . . . should have recognized that its chances of success on appeal would be virtually nil").  Similarly, courts have found appeals to be exceptional where the appeal was based on the same meritless arguments already rejected by the court.  *Vehicle Interface Technologies, LLC v. Jaguar Land Rover N.A., LLC*, 2016 WL 3436396, at *3 (D. Del. June 15, 2016).

Here, the totality of the circumstances justifies an award of the attorneys' fees Del-Ton incurred subsequent to those covered in the First Fees Order.  This Court easily found that the '412 Patent did not meet the two-part test of patentability under *Alice* and issued a clear opinion outlining the weaknesses of Voit's arguments.  *Voit Tech., LLC*, 2018 WL 385188 at *2–3.

Faced with this unequivocal rejection of its claim on a motion to dismiss, a "reasonable litigant" would choose not to appeal, concluding that its chances of succeeding on appeal were slim.  *See In re Bill of Lading*, 2018 WL 2578225 at *3.  But despite the exceptional weakness of its claim, Voit appealed this Court's judgment to the Federal Circuit, forcing Del-Ton to incur additional, unnecessary legal fees.  Moreover, on appeal, Voit raised many of the same arguments that were soundly rejected by this Court, including its argument that the '412 Patent's image data

compression was not an abstract idea and that the Patent's compression elements provided the inventive concept. (Fed. Cir. Dkt. 23 at 18–26, 32–34). Showing the weakness of its position, although Voit forced Del-Ton to incur the time and expense of drafting an appellate brief, Voit ultimately waived a hearing before a Federal Circuit panel, unwilling or unable to defend its claim at oral argument. (Fed. Cir. Dkt. 46).

The Federal Circuit cancelled oral argument (finding no need to question Del-Ton's counsel) and issued its opinion only *one* day after the case was submitted to its three-judge panel. *See Voit Tech., LLC*, 2019 WL 495163 at *1–3. The Federal Circuit, like the District Court, agreed that the '412 Patent failed under *Alice*. The Federal Circuit found that this patent was similar to others that it had already determined in previous opinions were patent-ineligible. *Id.* at *2–3. It rejected as "unsupported" Voit's argument that the '412 Patent was *not* an abstract idea under step one of Alice. *Id.* at *2. And it found no inventive concept where Voit failed to explain how its image data compression methods were a technological improvement. *Id.* at *2–3.

Based on the above, Voit's appeal satisfies the "exceptional" standard under § 285. Two federal courts have now found Voit's patent infringement claim to be meritless. Although there may be "gray areas and close calls" in some patent cases, this case does not fall in that category. *See In re Bill of Lading*, 2018 WL 2578225 at * 3. Neither this Court nor the Federal Circuit identified any close questions as to either step of the *Alice* test. And neither Court found any of Voit's arguments difficult to address in ruling in Del-Ton's favor. These circumstances alone warrant a finding of exceptionality. *See Inventor Holdings*, 876 F.3d at 1377–79.

**Second,** Voit also has caused Del-Ton to have to expend attorneys' fees to collect on the judgment resulting from the First Fees Order. Rather than paying that judgment, Voit has refused and failed to pay, indicating that it does not have sufficient funds (despite having settled numerous

patent infringement lawsuits and having funds to pay its attorney to pursue two appeals). (*See* Second Declaration of Joseph Schouten, attached hereto as Exhibit A at ¶¶ 14–15). Because of this, Del-Ton has had to expend significant attorneys' fees on discovery and related issues to locate assets from which it could collect the fees to which it already is lawfully entitled under the First Fees Order. (*Id.*) Such fees are plainly recoverable in an attorneys' fees award under federal statutes. *See Shaw v. AAA Engineering & Drafting, Inc.*, 213 F.3d 538, 544 (10th Cir. 2000) (observing that courts have "consistently allowed attorney's fees for post-judgment enforcement and collection activities" where a statute provides for attorneys' fees).

Thus, the totality of the circumstances satisfy the exceptionality standard, as demonstrated by (1) the meritless nature of Voit's claim and its unreasonable conduct in continuing to press its case through the federal court system; and (2) Voit's refusal to pay the First Fees Order despite having assets to fund its ongoing litigation campaign. Accordingly, Del-Ton is entitled to reasonable attorneys' fees from the date of this Court's First Fees Order through the present.

## IV. Del-Ton is Entitled to Additional Reasonable Attorneys' Fees in the Amount of $121,246.04.

This case qualifies as exceptional under 35 U.S.C. § 285. Accordingly, Del-Ton, as the prevailing party,[3] is entitled to the attorneys' fees and costs it incurred from this Court's First Fees Order through the present in the amount of $121,246.04. This total reflects a reasonable number of hours and reasonable rates, as documented below.

---

[3] 35 U.S.C. § 285 authorizes the district court to award reasonable attorneys' fees to the "prevailing party" in exceptional cases. There is no dispute that Del-Ton is the prevailing party here. *See Raniere v. Microsoft Corp.*, 887 F.3d 1298, 1304–08 (Fed. Cir. 2018).

### A. The Legal Standard for Calculating an Award of Attorneys' Fees.

The purpose of § 285 is "to compensate the prevailing party for its monetary outlays in the prosecution or defense of the suit." *Central Soya Co. v. Geo. A. Hormel & Co.*, 723 F.2d 1573, 1578 (Fed. Cir. 1983). This compensatory purpose is "best served if the prevailing party is allowed to recover his reasonable expenses in prosecuting the *entire* action." *Codex Corp. v. Milgo Electronic Corp.*, 541 F. Supp. 1198, 1201 (D. Mass. 1982) (emphasis added); *see also Inventor Holdings*, 876 F.3d at 1380 (Section 285 allows the trial court to award fees for the entire case, including appeals). Other recoverable fees include "lawyers' fees for time spent on the issue of attorneys' fees itself and disbursements necessary to the case" as well as time spent by "paralegal personnel." *Codex*, 541 F. Supp. at 1201 (internal citation omitted). District courts are afforded "considerable discretion in determining the amount of reasonable attorney's fees under § 285." *Icon Health & Fitness, Inc. v. Octane Fitness, LLC*, 127 F. Supp. 3d 1004, 1007 (D. Minn. 2015), *aff'd*, 706 Fed. Appx. 666 (Fed. Cir. 2017).

Calculating an attorneys' fee award is a three-step process. *Veasey v. Wilkins*, 158 F. Supp. 3d 466, 470 (E.D.N.C. 2016). First, the court "determine[s] a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009). In order to "ascertain what is reasonable in terms of hours expended and the rate charged, the court is bound to apply the factors set forth in *Johnson v. Georgia Highway Express Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)." *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013). The Fourth Circuit has characterized the twelve *Johnson* factors as:

> (1) the time and labor required; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal service rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Id.* at 88 n.5. While the Supreme Court "'has indulged a "strong presumption" that the lodestar number represents a reasonable attorney's fee' . . . the *Johnson* factors influence that calculation and the ultimate determination." *Design Resources, Inc. v. Leather Indus.*, 2016 WL 5477611, at *8 (M.D.N.C. Sept. 29, 2016) (quoting *McAfee*, 738 F.3d at 88–89).

The second step in calculating a fee award is to "subtract fees for hours spent on unsuccessful claims related to successful ones." *Robinson*, 560 F.3d at 244 (citation and quotation omitted). And the third step is to award "some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." *Id.* (citation and quotation omitted).

With respect to the hourly rate, the fee applicant is "obliged to show that the requested hourly rates are consistent with 'the prevailing market rates in the relevant community for the type of work for which he seeks an award.'" *McAfee*, 738 F.3d at 91 (quoting *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990)). The evidence the Fourth Circuit deems competent to show prevailing market rates includes "affidavits of other local lawyers who are familiar both with the skills of the fee applicants and more generally with the type of work in the relevant community." *Robinson*, 560 F.3d at 245; *see also Veasey*, 158 F. Supp. 3d at 472 (finding rates reasonable where the plaintiffs submitted evidence that the rates charged were "both within the realm of Second Amendment litigation and in the realm of litigation in the Raleigh, North Carolina, area").

Finally, the Supreme Court has cautioned that the determination of fees "should not result in a second major litigation." *Fox v. Vice*, 563 U.S. 826, 838 (2011) (citation and quotation omitted). The essential goal in shifting fees "is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Id.*

### B. This Court Has Already Determined that the Rates for Del-Ton's Counsel Are Reasonable.

In its First Fees Order, this Court specifically found that the hourly rates for Del-Ton's counsel were reasonable. *Voit Tech., LLC*, 2018 WL 3732671 at *2. The Court based this finding on the Declarations of Joseph Schouten, lead attorney for Del-Ton, (Dkt. 49-6), and Robert Morris, a Raleigh attorney with substantial experience in federal patent litigation and familiar with the prevailing hourly rates in the Raleigh area for such work, (Dkt. 49-7). Mr. Schouten has submitted a Second Declaration representing that the hourly rates are the same for this Supplemental Motion as for Del-Ton's first motion for fees. (Ex. A at ¶¶ 3, 8). Accordingly, the Court may rely on the evidence previously submitted by Del-Ton and the Court's finding that these rates are reasonable.

### C. Del-Ton Has Established that the Hours Expended by Its Counsel Are Reasonable.

Del-Ton has presented competent evidence that the hours expended by its counsel are reasonable. As set forth in Mr. Schouten's Second Declaration, Del-Ton seeks its fees for the time period after the First Fees Order through the present. (Ex. A at ¶ 5). During this period, Del-Ton's counsel were required to do at least the following work:

- Representing Del-Ton in the appeals process in the Federal Circuit on Voit's appeal of the Court's Motion to Dismiss Order, including preparing the Appellee's Brief and beginning to prepare for oral argument before it was called off;

- Representing Del-Ton in the appeals process in the Federal Circuit on Voit's appeal of the Court's First Fees Order, including the initial review of Voit's Brief and formulation of strategy regarding the Appellee's Brief;

- Protecting Del-Ton's interests in the District Court action, including completing the briefing on Del-Ton's first Motion for Attorneys' Fees (which this Court granted on August 6, 2018); and

- Engaging in efforts to collect on the judgment reflected in the First Fees Order when Voit failed to pay, including preparation of correspondence, discovery, negotiation of a Protective Order, and review and analysis of documents produced by Voit.

(Ex. A at ¶ 14).

The attorneys' fees Del-Ton seeks cover not only the significant appellate performed, but also Del-Ton's efforts to recover and collect the fees to which it is entitled. As described above, these fees, like appellate fees, are recoverable under federal law. *See Shaw*, 213 F.3d at 544. In particular, the fees expended toward collecting the judgment Voit already should have paid included: preparation of post-judgment discovery; negotiation of a protective order; and review and analysis of documents and discovery responses from Voit. (Ex. A at ¶¶ 14–15). None of this would have been necessary had Voit simply paid the judgment when it was due (and which it still has not paid). Del-Ton should be compensated for these fees in keeping with the compensatory purpose of § 285, which is "best served if the prevailing party is allowed to recover his reasonable expenses in prosecuting the *entire* action." *Codex Corp.*, 541 F. Supp. at 1201 (emphasis added).

Moreover, the total number of hours submitted to this Court for reimbursement of fees is actually less than the total hours worked because Mr. Schouten carefully reviewed client invoices and reduced hours for time believed to be duplicative or excessive. (Ex. A at ¶ 10). As further noted by Mr. Schouten, counsel made every effort to conduct legal work efficiently and to delegate tasks to paralegals and younger attorneys when appropriate. (*Id.* at ¶ 11).

Thus, the evidence presented by Del-Ton is more than competent to support a determination that the rates charged and hours expended by its counsel are reasonable. Based on such evidence and the Court's own opportunity to participate in and observe this litigation, legal fees of $121,246.04 incurred by Del-Ton in the appeals and collections phase of this litigation

should be awarded in their entirety. No hours should be subtracted for time spent on unsuccessful claims because Del-Ton prevailed in having Voit's entire action dismissed and in the affirmance of this judgment on appeal. *See Robinson*, 560 F.3d at 244.

## **CONCLUSION**

For the foregoing reasons, this Court should award Del-Ton its reasonable attorneys' fees of $121,246.04 incurred in successfully defending this action during the appeals and collections phase of this litigation.

This the 22nd day of February, 2019.

/s/ *Joseph A. Schouten*
N.C. State Bar I.D. No.: 39430
email: jas@wardandsmith.com
Marla S. Bowman
N.C. State Bar I.D. No.: 49097
email: msbowman@wardandsmith.com
For the firm of
Ward and Smith, P.A.
Post Office Box 33009
Raleigh, NC 27636-3009
Telephone: 919.277.9100
Facsimile: 919.277.9177
Attorneys for Defendant Del-Ton, Inc.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 22nd day of February 2019, I electronically served DEFENDANT DEL-TON, INC.'S MEMORANDUM OF LAW IN SUPPORT OF SUPPLEMENTAL MOTION FOR ATTORNEYS' FEES to the following:

Peter J. Corcoran, III, Esq.
peter@corcoranip.com


*/s/  Joseph A. Schouten*
N.C. State Bar I.D. No.:  39430
email:  jas@wardandsmith.com
For the firm of
Ward and Smith, P.A.
Post Office Box 33009
Raleigh, NC  27636-3009
Telephone:  919.277.9100
Facsimile:  919.277.9177
Attorneys for Defendant Del-Ton, Inc.

ND: 4830-1312-2696, v. 1