NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**VOIT TECHNOLOGIES, LLC,**
*Plaintiff-Appellant*

**v.**

**DEL-TON, INC.,**
*Defendant-Appellee*

---

2018-1536

---

Appeal from the United States District Court for the Eastern District of North Carolina in No. 5:17-cv-00259-BO, Judge Terrence William Boyle.

---

Decided: February 8, 2019

---

PETER JOSEPH CORCORAN, III, Corcoran IP Law PLLC, Texarkana, TX, for plaintiff-appellant.

JOSEPH A. SCHOUTEN, Ward and Smith, PA, Raleigh, NC, for defendant-appellee.

---

Before WALLACH, TARANTO, and STOLL, *Circuit Judges.*

WALLACH, *Circuit Judge.*

Appellant Voit Technologies, LLC ("Voit") sued Appellee Del-Ton, Inc. ("Del-Ton") in the U.S. District Court for the Eastern District of North Carolina ("District Court"), alleging infringement of claims 1, 3−6, 8−10, 12−13, and 17−23 ("Asserted Claims") of U.S. Patent No. 6,226,412 ("the '412 patent"). Del-Ton filed a motion to dismiss Voit's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the Asserted Claims are patent-ineligible under 35 U.S.C. § 101 (2012).[1] The '412 patent teaches a method that "provide[s] secure interactive communication of text and image information between a central server computer and one or more [remote] client computers . . . for the purpose of storing and retrieving files describing unique products, services[,] or individuals." '412 patent, Abstract. The District Court granted Del-Ton's Motion, determining that the Asserted Claims are patent-ineligible. *VOIT Techs., LLC v. Del-Ton, Inc.*, No. 5:17-CV-259-BO, 2018 WL 385188, at *3–4 (E.D.N.C. Jan. 11, 2018); *see* J.A. 1 (Judgment).

Voit appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1) (2012). We affirm.

## DISCUSSION

Voit argues that the District Court erred in holding the Asserted Claims patent-ineligible under § 101. *See* Appellant's Br. 15−36. After articulating the applicable standards, we address Voit's arguments.

### I. Standards of Review and Legal Standard

"We apply regional circuit law to the review of motions to dismiss for failure to state a claim under Rule 12(b)(6)," *In re TLI Commc'ns Patent Litig.*, 823 F.3d 607, 610 (Fed.

---

[1] Congress did not amend § 101 when it passed the Leahy-Smith America Invents Act. *See generally* Pub. L. No. 112-29, 125 Stat. 284 (2011).

Cir. 2016) (citation omitted), here, the Fourth Circuit.  The Fourth Circuit "review[s] de novo the grant of a motion to dismiss for failure to state a claim" and "accept[s] as true all of the factual allegations contained in the complaint." *Gerner v. Cty. of Chesterfield*, 674 F.3d 264, 266 (4th Cir. 2012) (citation omitted).  To survive a motion to dismiss for failure to state a claim, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  While "well-pleaded factual allegations" are necessary to state a claim, mere "conclusions[] are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

"We review issues unique to patent law, including patent eligibility under . . . § 101, consistent with our circuit's precedent." *Smart Sys. Innovations, LLC v. Chi. Transit Auth.*, 873 F.3d 1364, 1367 (Fed. Cir. 2017) (internal quotation marks and citation omitted).  Although a district court's determination of patent eligibility under § 101 is an issue of law, which we review de novo, *see Intellectual Ventures I LLC v. Erie Indem. Co.*, 850 F.3d 1315, 1325 (Fed. Cir. 2017), "[t]he patent eligibility inquiry may contain underlying issues of fact," *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1365 (Fed. Cir. 2018) (citation omitted).  Under § 101, a patent claim is ineligible if "(1) it is 'directed to' a patent-ineligible concept," such as an "abstract idea," and "(2), if so, the particular elements of the claim, considered 'both individually and "as an ordered combination,"' do not add enough to '"transform the nature of the claim" into a patent-eligible application.'" *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1353 (Fed. Cir. 2016) (quoting *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 217 (2014)).

## II. The Asserted Claims Are Patent-Ineligible

The Asserted Claims are directed to the abstract idea of entering, transmitting, locating, compressing, storing, and displaying data (including text and image data) to facilitate the buying and selling of items.  *See* '412 patent

col. 11 ll. 5–53 (reciting, in claim 1,[2] the process of, inter alia, (1) entering "text[] . . . and image information" into a remote data terminal, (2) "data-compressing the image data," (3) "receiving" the text and image data, creating multiple "unique records" before "storing," "locating" and "transmitting" the text and image data separately, (4) "de-compressing the images . . . at the . . . remote data terminal," and (5) "displaying the de-compressed images along with textual information"). We have previously determined that similar claims are directed to patent-ineligible subject matter. *See, e.g.*, *Elec. Power*, 830 F.3d at 1353 (holding claims that, inter alia, "collect[]," "analyz[e]," and "display[]" information directed to abstract ideas); *In re TLI*, 823 F.3d at 609 (holding claims that, inter alia, "transmit[]" digital images directed to the "abstract idea of classifying and *storing* digital images" (emphasis added)).

Moreover, although we have stated that claims "purporting to improve the functioning of the computer . . . might not succumb to the abstract idea exception," *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1335 (Fed. Cir. 2016) (internal quotation marks and brackets omitted), Voit's broad assertion that the Asserted Claims "allow[ed] more rapid transmission of higher resolution digital images" via "advanced image data compression" is unsupported, Appellant's Br. 17, 18 (internal quotation marks omitted). Representative claim 1 appears to have specific limitations that are further described in the specification as being directed to using different compression formats in the claimed network, *see id.* col. 7 ll. 23–49, col. 11 ll. 16–17, 33–34, 48–54, such that all communication goes through the server and not directly between the personal computers ("PC"), *see id.* col. 7 ll. 41–45 (explaining that because "client PCs [lack] provisions for converting

[2] Independent claim 1 is representative.

T-format[3] images into usable form[,] . . . the image filer server . . . will perform this conversion step"). However, Voit fails to explain how employing different formats, as claimed, improves compression techniques or the functioning of the computer. Instead, the specification demonstrates that the Asserted Claims are directed to use of generic computer components performing conventional compression techniques to carry out the claimed invention. *See, e.g.*, '412 patent col. 6 ll. 60–64 (acknowledging that "[i]n practice, the actual data compression methods employed could include the *industry standard JPEG format* . . . or other proprietary or *commercially available* techniques" (emphases added)); *cf. In re TLI*, 823 F.3d at 612 (finding claims "directed to the use of conventional or generic technology in a nascent but well-known environment" do not survive *Alice* step one). Thus, the Asserted Claims are directed to an abstract idea at *Alice* step one.

Nor do the Asserted Claims recite an inventive concept that transforms the abstract idea into a patentable invention. When claims, such as the Asserted Claims, are "directed to an abstract idea" and "merely requir[e] generic computer implementation," they "do[] not move into [§] 101 eligibility territory." *buySAFE, Inc. v. Google, Inc.*, 765 F.3d 1350, 1354 (Fed. Cir. 2014) (internal quotation marks and citation omitted). Although Voit alleges the method of the '412 patent "improves the efficiency of transmitting" high resolution data, Appellant's Br. 10, we have recognized that claims directed to "improved speed or efficiency inherent with applying the abstract idea on a computer"

---

[3] The '412 patent's specification describes modifying locally stored format files into "'T' or 'Transmitted' format" files for transmission to the image file server "utilizing formatting methods similar to those . . . for encrypting without hardware security keys." '412 patent col. 7 ll. 6–7, 8–10.

are insufficient to demonstrate an inventive concept, *Intellectual Ventures I LLC v. Capital One Bank (USA)*, 792 F.3d 1363, 1367 (Fed. Cir. 2015).

Moreover, Voit has to do more than simply restate the claim limitations and assert that the claims are directed to a technological improvement without an explanation of the nature of that improvement. *See e.g.*, '412 patent col. 11 ll. 16−17, 50–52 (providing claim 1's compression steps). General statements of "advanced image data compression" or faster communications will not suffice where it is unclear *how* the different compression format claim limitations actually achieve the alleged improvements. *In re TLI*, 823 F.3d at 615 (finding claims did not survive *Alice* step two where "abstract functional descriptions [were] devoid of technical explanation as to how to implement the invention"). Therefore, the Asserted Claims are patent-ineligible at *Alice* step two.

We are unpersuaded by Voit's primary counterargument that the District Court erred because the Asserted Claims' "*ordered* combination recites the inventive concept of improving client-server communications" by use of "batch uploading" and "performing image capture on a non-interactive basis . . . to minimize server participation." Appellant's Br. 33 (emphasis added) (internal quotation marks, underlining, and citation omitted). Even if captured in the Asserted Claims, those steps are generic and conventional; considering them as part of an ordered combination "add[s] nothing . . . that is not already present when the steps are considered separately." *Alice*, 573 U.S. at 225 (citation omitted). Accordingly, the District Court did not err in holding the Asserted Claims patent-ineligible under § 101.

## CONCLUSION

We have considered Voit's remaining arguments and find them unavailing. The Judgment of the U.S. District Court for the Eastern District of North Carolina is

VOIT TECHNOLOGIES, LLC v. DEL-TON, INC. 7

**AFFIRMED**