IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NO.: 5:17-CV-259-BO

VOIT TECHNOLOGIES, LLC,    )
                                              )
         Plaintiff,    )
                                              )
             v.    )
                                              )
DEL-TON, INC.,    )
         Defendant.    )

**<u>DEFENDANT DEL-TON, INC.'S REPLY BRIEF
IN SUPPORT OF SUPPLEMENTAL MOTION FOR ATTORNEYS' FEES</u>**

Joseph A. Schouten
N.C. State Bar I.D. No.: 39430
email: jas@wardandsmith.com
Marla S. Bowman
N.C. State Bar I.D. No.: 49097
email: msbowman@wardandsmith.com
For the firm of
Ward and Smith, P.A.
Post Office Box 33009
Raleigh, NC 27636-3009
Telephone: 919.277.9100
Facsimile: 919.277.9177
Attorneys for Defendant Del-Ton, Inc.

# INTRODUCTION

Voit *does not dispute* that Del-Ton is entitled to a supplemental award of attorneys' fees for successfully defending this action during the appeals and collections phase of this litigation. Voit also *does not contest* the rates charged by Del-Ton's counsel. Finally, Voit *does not challenge* a single entry on the invoices Del-Ton submitted as proof as to the amount of fees Del-Ton incurred and the reasonableness of those fees. These uncontested rates and unchallenged invoices establish that Del-Ton is entitled to an additional award of attorneys' fees in the amount of $121,246.04.

Rather than opposing Del-Ton's entitlement to fees or the evidence it submitted, Voit admits that Del-Ton is entitled to at least $88,720 in additional fees. Voit argues only that Del-Ton's January 3, 2019 settlement offer dictates the amount of fees it can recover through that date. But use of this settlement offer in an attempt to establish a cap on Voit's liability is prohibited by Federal Rule of Evidence 408. Furthermore, Del-Ton's unchallenged invoices, not a settlement offer, establish Del-Ton's reasonable attorneys' fees in this matter. Therefore, Voit's sole ground for contesting Del-Ton's supplemental motion for fees is meritless.

# ARGUMENT

Voit's argument rests entirely on one statement made by Del-Ton's counsel in a January 3, 2019 e-mail to Voit's counsel marked "RULE 408 PROPOSAL"; after making a settlement counteroffer of $80,000, Del-Ton's counsel writes that "This will cover the fees Del-Ton has incurred in obtaining the fees award and in the appeal thus far—i.e., those that are not currently reflected in the [August 6, 2018 attorneys' fees] judgment." (Dkt. 75-1 at 3). Voit contends that Del-Ton cannot recover more in attorneys' fees for the period through January 3, 2019 than this settlement figure. But Voit's argument is defeated for two independent reasons: (1) Rule 408

2

prohibits consideration of this January 3 e-mail; and (2) in any event, Del-Ton's invoices, not this e-mail, establish the amount of fees to which Del-Ton is entitled.

I. **Rule 408 Prohibits Voit's Use of the January 3, 2019 Settlement Counteroffer to Determine the Reasonableness of Del-Ton's Fee Request.**

Federal Rule of Evidence 408(a) prohibits the introduction of "compromise offers and negotiations" as evidence to "prove or disprove the validity or amount of a disputed claim or to impeach." Statements and conduct are covered by this rule if they were "intended to be part of the negotiations for compromise." *Fiberglass Insulators, Inc. v. Dupuy*, 856 F.2d 652, 654 (4th Cir. 1988) (citation omitted). The rule is necessary to serve the public policy of encouraging settlement by fostering "frank discussion." *Id.* Indeed, settlement terms are "normally compromised positions taken by each party and in no way forecast the appropriate remedy for a case that has advanced to litigation." *U.S. v. Quality Built Const.*, 358 F. Supp.2d 487, 490 (E.D.N.C. 2005).

Rule 408(b) does allow a court, in its discretion, to admit settlement evidence for "another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution." But the fact that settlement evidence is not explicitly barred by Rule 408 "does not make it otherwise admissible." *Fiberglass*, 856 F.2d at 655. Thus, when a party seeks to introduce settlement negotiations for a purpose prohibited by Rule 408, courts "are *required* to exclude the evidence, but when a party seeks to introduce the same evidence for a non-prohibited purpose, courts retain their discretion to admit or exclude the evidence." *Middle East Broadcasting Networks, Inc. v. MBI Global, LLC*, 689 Fed. Appx. 155, 159 (4th Cir. 2017) (emphasis in original).

With respect to a motion for attorneys' fees, Rule 408 prohibits evidence of settlement discussions to establish the unreasonableness of an attorneys' fees request, as Voit attempts to do

here.[1]  For example, in *Turner v. Dempster*, 1990 WL 131817, 914 F.2d 263 (9th Cir. Sept. 7, 1990), the plaintiff sued the union/defendant to enforce the union's compliance with a prior court judgment.  After the union had complied, the plaintiff informed the court and opposing counsel that he intended to seek his attorneys' fees, and the parties attempted to settle as to an amount.  When no agreement was reached, the plaintiff filed a motion for fees, and the district court awarded the full amount of fees sought.  On appeal, the union "challenged generally the total fee awarded," arguing that the amount of fees the plaintiff sought in his motion was more than double the figure previously set forth by his attorney in a settlement letter.  *Id.* at *4.

The Ninth Circuit rejected this argument on two grounds: (1) the plaintiff had incurred more fees since the settlement letter because his counsel was required to file a motion for fees; and (2) the letter was inadmissible under Rule 408 as a settlement offer.  As the court explained, "[t]he Union cannot defeat a fee award by complaining that the fees sought when the matter had to be litigated are higher than the amount counsel would have accepted to expedite the receipt of funds and to avoid further litigation." *Id.  See also Gaffney v. City of Allentown*, 1998 WL 32758, *1 n.4 (E.D. Pa. Jan. 7, 1998) (counsel's settlement offer, which set forth a lower hourly rate than in its later motion for fees, was inadmissible under Rule 408, which "prohibits the admission or consideration of this evidence for the purpose of establishing the unreasonableness of Plaintiffs' counsel's request for fees").

---

[1] Federal courts have permitted evidence of settlement discussions on a motion for fees for certain limited purposes, none of which applies here.  These purposes include determining: (a) the extent of the moving party's success for purposes of awarding attorneys' fees (by comparing what the plaintiff requested during settlement to what the plaintiff was ultimately rewarded); (b) whether the plaintiff had an improper motive in bringing suit; and (c) whether the non-movant acted unreasonably during the litigation. *See, e.g., Lohman v. Duryea Borough*, 574 F.3d 163, 167 (3rd Cir. 2009), *cert. denied*, 560 U.S. 926 (2010); *Caner v. Autry*, 2014 WL 2967607, *5 n.3 (W.D. Va. July 1, 2014).

Voit similarly asks this Court to consider Del-Ton's January 3, 2019 settlement offer to establish the unreasonableness of Del-Ton's fee request. Voit admits that "[t]he $80,000 payment was offered as an amount to settle this case," but nonetheless argues that Voit can only recover this sum for fees through January 3, 2019 because Del-Ton's counsel represented that this figure would "cover" Del-Ton's fees "thus far." Dkt. 75 at 2. Voit is seeking to use Del-Ton's settlement counteroffer to "prove" the "amount of a disputed claim"-- Del-Ton's request for fees. Rule 408 prohibits this practice, as reflected in the *Turner* and *Gaffney* decisions. Voit cannot contest the reasonableness of Del-Ton's fee request by comparing it to the lesser amount Del-Ton would have accepted to settle the case and end the litigation.

**II.      Even if Admissible, Del-Ton's January 3 E-Mail Does Not Support Voit's Argument.**

Del-Ton's January 3 e-mail, even if considered by this Court, does not limit the amount of the reasonable attorneys' fees Del-Ton actually incurred. Voit asks this Court to interpret Del-Ton's January 3 e-mail in a strictly literal manner—that when Del-Ton's counsel wrote that $80,000 "will cover the fees Del-Ton has incurred in obtaining the fees award and in the appeal thus far," he had calculated the *exact* amount of fees Del-Ton had incurred through that very day and must now be bound by that representation. This interpretation should be rejected as implausible and unreasonable. It is much more likely and reasonable that Del-Ton's counsel was merely estimating the amount of fees his client had incurred and was discounting that amount for purposes of settlement. As this Court has recognized, settlement terms are, by nature, "compromised positions" meant to facilitate an end to the litigation. *Quality Built Const.*, 358 F. Supp.2d at 490. Del-Ton's counteroffer of $80,000 is necessarily less than the full amount of fees it incurred and reflected the amount Del-Ton was willing to accept to settle the case at that point

5
Case 5:17-cv-00259-BO   Document 80   Filed 03/26/19   Page 5 of 8

in time. Del-Ton should not be limited to this settlement amount when Voit rejected the counteroffer and the litigation continued.

Indeed, if Voit felt that Del-Ton had overstated the amount of hours in its Motion, Voit should have contested the Motion on that basis. But Voit does not complain that Del-Ton's billed hours were unnecessary, that its counsel were inefficient, or that their hourly rates were too high.[2] Voit accepts without dispute the invoices and billing information Del-Ton submitted with its Motion and points to no excess, error, or mistake in the billing records. These unchallenged materials establish $121,246.04 to be the reasonable attorneys' fees Del-Ton actually incurred. Because Del-Ton's evidence establishes that the rates charged and hours expended by its counsel are reasonable and appropriate and Voit has no legitimate argument to dispute this, the Court should award Del-Ton its additional fees in the amount of $121,246.04.

## CONCLUSION

For the foregoing reasons, this Court should award Del-Ton its reasonable attorneys' fees of $121,246.04 incurred in successfully defending this action during the appeals and collections phase of this litigation.[3]

---

[2] In its order on Del-Ton's first motion for fees, this Court found the hourly rates for Del-Ton's counsel to be reasonable. *Voit Tech., LLC v. Del-Ton, Inc.*, 2018 WL 3732671, *2 (E.D.N.C. Aug. 6, 2018).

[3] Del-Ton greatly appreciates the time and effort the Court has devoted to this matter and wishes to keep the Court apprised of Del-Ton's two anticipated future filings in this case. First, Voit's appeal of this Court's first award of attorneys' fees is still pending, although it is fully briefed and should come before the Federal Circuit in the near future. Thus, Del-Ton anticipates filing one final motion for additional attorneys' fees, if this Court's award is affirmed. The Court may, in its discretion, wish to wait and consider the instant Motion for Fees at the same time as this final anticipated fee request. Second, Del-Ton has been unable to collect from Voit the attorneys' fees awarded thus far. Accordingly, Del-Ton also anticipates having to file a motion addressed to these collection efforts. Del-Ton will do whatever it can to assist the Court in finally resolving all issues in this matter as efficiently as possible.

This the 26th day of March, 2019.

        */s/ Joseph A. Schouten*
        N.C. State Bar I.D. No.: 39430
        email: jas@wardandsmith.com
        Marla S. Bowman
        N.C. State Bar I.D. No.: 49097
        email: msbowman@wardandsmith.com
        For the firm of
        Ward and Smith, P.A.
        Post Office Box 33009
        Raleigh, NC 27636-3009
        Telephone: 919.277.9100
        Facsimile: 919.277.9177
        Attorneys for Defendant Del-Ton, Inc.

# CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of March 2019, I electronically served DEFENDANT DEL-TON, INC.'S REPLY BRIEF IN SUPPORT OF SUPPLEMENTAL MOTION FOR ATTORNEYS' FEES to the following:

Peter J. Corcoran, III, Esq.
peter@corcoranip.com


/s/ Joseph A. Schouten
N.C. State Bar I.D. No.: 39430
email: jas@wardandsmith.com
For the firm of
Ward and Smith, P.A.
Post Office Box 33009
Raleigh, NC 27636-3009
Telephone: 919.277.9100
Facsimile: 919.277.9177
Attorneys for Defendant Del-Ton, Inc.