IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:17-CV-259-BO

| | |
|---|---|
| VOIT TECHNOLOGIES, LLC,<br>    Plaintiff, | )<br>)<br>) |
| v. | )    O R D E R<br>) |
| DEL-TON, INC.,<br>    Defendant. | )<br>)<br>) |

This cause comes before the court on defendant's supplemental motion for an award of attorneys' fees [DE 73] and motion for an extension of time to file a reply [DE 76]. The motions have been fully briefed and are ripe for disposition. For the reasons that follow, defendant's supplemental motion for an award of attorneys' fees [DE 73] and motion for an extension of time [DE 76] are GRANTED.

## BACKGROUND

In January 2018, the Court dismissed plaintiff's patent-infringement claims, determining that they were patent-ineligible under 35 U.S.C. § 101. [DE 46, 47]. The underlying dispute involved defendant's sale of firearm supplies and accessories using an online portal that purportedly infringed plaintiff's patent, U.S. Patent No. 6,226,412. [DE 1]. On January 31, 2018, plaintiff appealed the Court's dismissal order to the United States Court of Appeals for the Federal Circuit. [DE 50]. In August 2018, the Court awarded defendant $128,535.00 in reasonable attorneys' fees for the litigation through dismissal. [DE 59]. Plaintiff appealed this order, too, to the Federal Circuit. [DE 63]. In February 2019, the Federal Circuit affirmed this Court's dismissal of plaintiff's claims, agreeing that the claims were patent-ineligible. [DE 77, 78].

Defendant then filed a supplemental motion for an award of attorneys' fees, seeking to recover the reasonable attorneys' fees incurred from January 31, 2018—the date that plaintiff filed its first notice of appeal—through the duration of the appellate process. [DE 73]. Defendant specifically requests a supplemental award of $121,246.04 under Federal Rule of Civil Procedure 54(d)(2)(A). *Id.* Plaintiff opposes the motion. Defendant has also moved for an extension of time to file a reply to plaintiff's response in opposition. [DE 76].

DISCUSSION

At the outset, for good cause shown, defendant's motion for an extension of time to file a reply to plaintiff's response in opposition is granted. Defendant's reply is, therefore, timely.

The Patent Act authorizes a Court to award attorneys' fees to the prevailing party in exceptional cases. 35 U.S.C. § 285. A case is exceptional when a party's litigation position is particularly strong, or the case was litigated in an unreasonable manner. *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). District courts have discretion to make this determination, in consideration of the totality of the circumstances. *Id.* Factors that indicate unreasonableness include frivolousness, motivation, objective unreasonableness, and the need for deterrence. *Id.* at n. 6. § 285 permits courts to award fees for the entire case, including any subsequent appeals. *Inventor Holdings, LLC v. Bed Bath & Beyond, Inc.*, 876 F.3d 1372, 1380 (Fed. Cir. 2017).

In August 2018, the Court determined that this case was frivolous and that plaintiff had litigated it in an unreasonable manner, rending the exceptional and entitling defendant to an award of attorneys' fees. None of those underlying facts have changed, and plaintiff does not argue that they have. There is no need to make a second, separate determination under § 285 as to whether the case is exceptional. *See, e.g., Dippin' Dots, Inc. v. Mosey*, 602 F. Supp. 2d 777 (N.D. Tex.

2009) (rejecting plaintiffs' argument that defendant had to "make a separate showing that the appeal itself is exceptional" and that fees "have to be separately justified in each phase of a case," finding that defendant was entitled to fees without a second determination of exceptionality). That is, plaintiff's handling of the case since dismissal need not independently qualify as exceptional. Indeed, plaintiff does not argue here that a second, independent finding of exceptionality is required. As such, this Court's earlier determination controls, and defendant is entitled to reasonable attorneys' fees under 35 U.S.C. § 285.

The only question, then, is what amount of fees is reasonable. This Court has discretion to determine the amount of a fee award. *Mercer v. Duke Univ.*, 30 F. Supp. 2d 454, 466 (M.D.N.C. 2004) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983), *abrogated on other grounds by Tex. States Teachers Assoc. v. Garland Indep. Sch. Dist.*, 489 U.S 782 (1989)). To calculate an award of attorneys' fees, the court "must first determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Robinson v. Equifax Info Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009).

Factors to consider in determining the reasonableness of the hours and rate include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Hensley*, 461 U.S. at 430 n.3 (quoting *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)).

3

The party requesting fees bears the burden of establishing the reasonableness of the requested rate and "must produce satisfactorily specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award." *Id.* at 244. Other facts may lead the court "to adjust the fee upward or downward." *Hensley*, 461 U.S. at 434.

Defendant has submitted a declaration detailing billing information in support of its request for attorneys' fees and costs. [DE 74-1]. Defendant seeks $121,246.04 in fees. The Court has considered all the facts, the circumstances of this litigation, as well as defendant's declaration. The Court has already found defendant's proposed rates to be reasonable for this region and under the standards laid out by the Fourth Circuit, and does so again here. *See Robinson*, 560 F.3d at 243; *Grissom v. Mills Corp.*, 549 F.3d 313, 321 (4th Cir. 2008).

A fee applicant also must establish the reasonableness of the hours requested. *See Hensley*, 461 U.S. at 437. After reviewing the affidavits and billing statements submitted by plaintiffs, the Court finds that the defendant has requested a reasonable number of hours. Defendant has demonstrated with sufficient particularity that the hours requested were properly billable and appropriately performed by defendant's attorneys.

Plaintiff's only argument in response to defendant's motion for attorneys' fees is that any potential award should be limited to $88,720, because in a January 2019 settlement counteroffer, defendant stated that "[$80,000] will cover the fees [defendant] has incurred in obtaining the fees award and in the appeal thus far – i.e., those that are not currently reflected in [August 2018] judgment." [DE 75-1]. Since that time, defendant's declaration shows that its counsel incurred an additional $8,720 in fees, resulting in a supposed total of $88,720. In reply, defendant first argues that the $80,000 counteroffer is inadmissible under Federal Rule of Evidence 408(a), which prohibits the introduction of "compromise offers and negotiations" as evidence to "prove or

disprove the validity or amount of a disputed claim or to impeach." Rule 408 extends to statements "intended to be part of the negotiations for compromise." *Fiberglass Insulators, Inc. v. Dupuy*, 856 F.2d 652, 654 (4th Cir. 1988) (citation omitted). Defendant's statement, in connection with the counteroffer, clearly falls under the protection of Rule 408. Thus, defendant's $80,000 counteroffer is inadmissible to prove that $80,000 is the correct amount of attorneys' fees incurred from January 31, 2018 to January 3, 2019 (the date of the counteroffer).

As plaintiff raises no other challenge to defendant's entitlement to attorneys' fees, and no other challenge to defendant's calculation of fees, defendant's supplemental motion is granted. The Court finds that an award of $121,246.04 in attorneys' fees is reasonable given the circumstances of this case. In crafting this remedy, the Court has carefully considered what amount will be compensatory without being punitive under 35 U.S.C. § 285 and the applicable standards.

## CONCLUSION

For the above reasons, defendant's supplemental motion for an award of attorneys' fees [DE 73] and motion for an extension of time [DE 76] are GRANTED. Attorneys' fees in the amount of $121,246.04 are awarded to defendant Del-Ton, Inc.

SO ORDERED, this 23 day of April, 2019.

*Terrence W. Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE

5