# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION
# 5:17-CV-259-BO

| | |
|---|---|
| VOIT TECHNOLOGIES, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>DEL-TON, INC.,<br><br>    Defendant. | BARRY H. SCHWAB'S MOTION TO QUASH DOCUMENT AND DEPOSITION SUBPOENAS |

## NATURE OF THE CASE

This is formerly a patent infringement case. This Court is well aware of the nature and proceedings of this case. It was filed on May 26, 2017; terminated by order and judgment on January 11, 2018 [DE 46, 47]; and appealed on January 31, 2018, and August 30, 2018 [DE 50, 63].

This Court on August 6, 2018, ruled that this was an exceptional case under 35 U.S.C. § 285 and awarded Defendant Del-Ton, Inc's, its attorneys' fees [DE 59, 60]. *VOIT Techs., LLC v. Del-Ton, Inc.*, No. 5:17-CV-259-BO, 2018 WL 3732671 (E.D.N.C. Aug. 6, 2018).

The U.S. Court of Appeals for the Federal Circuit ("CAFC") on February 8, 2019, affirmed this Court's January 11, 2018, order and judgment dismissing this action. *Voit Techs., LLC v. Del-Ton, Inc.*, No. 2018-1536, 2019 WL 495163 (Fed. Cir. Feb. 8, 2019). Voit's appeal of this Court's August 6, 2018, attorneys' fees order and judgment [DE 59, 60] remains pending at the CAFC (No. 18-2347).

After the CAFC's February 8, 2019, affirmance, this Court on April 23, 2019, again ruled by that this case was exceptional for the reasons provided in its August 6, 2018, ruling and awarded

Del-Ton its supplemental attorneys' fees [DE 82, 83—docketed April 24, 2019].

On May 10, 2019, Del-Ton issued document and deposition subpoenas to non-party Barry H. Schwab, who is owner and managing member of Voit Technologies, LLC, seeking discovery of his personal assets and income under Rule 45 of the Federal Rules of Civil Procedure. *See* Exhibits 1 and 2 to Corcoran Declaration, attached.

Counsel for Del-Ton agreed that Mr. Schwab may have until June 7, 2019, to respond to the subpoenas under Rule 45(d) of the Federal Rules of Civil Procedure.

## STATEMENT OF FACTS

This Court in its August 6, 2018, and April 23, 2019, rulings found Voit liable for Del-Ton's attorneys' fees. Barry H. Schwab is discussed nowhere in this Court's rulings, and Mr. Schwab is not a party to this case.

## ARGUMENT

Rule 45 of the Federal Rules of Civil Procedure provides that on a timely motion a court must under certain circumstances, including when a subpoena would subject a witness to undue burden, quash or modify a subpoena. Fed. R. Civ. P. 45(d)(3)(A). In deciding whether to quash a subpoena or issue a protective order, a court balances the relevance of the information sought, the need of the information sought, issues concerning confidentiality, and the potential for harm to any party. *Spring v. Bd. of Trustees of Cape Fear Cmty. Coll.*, No. 7:15-CV-84-BO, 2016 WL 4204153, at *1 (E.D.N.C. Aug. 8, 2016) (citing *Insulate Am. v. Masco Corp.*, 227 F.R.D. 427, 432 (W.D.N.C. 2005)).

Undue burden may be found where a subpoena is directed at information held by a non-party and the information is available from another source. *Cape Fear Cmty. Coll.*, No. 7:15-CV-84-BO, 2016 WL 4204153, at *1 (E.D.N.C. Aug. 8, 2016) (citing *In re Subpoena of Daniel Drasin*,

No. 13-CV-00304, 2014 WL 585814, at *6 (D. Md. Feb. 12, 2014)).

Del-Ton subjects Mr. Schwab to undue burden because the information it seeks from the document and deposition subpoenas (Exhibits 1 and 2 to Corcoran Declaration) is not relevant to this action; this Court did not find, and Del-Ton has never asserted, that Mr. Schwab personally contributed in any way to the behavior that this Court found exceptional under 35 U.S.C. § 285. Under *Nelson v. Adams USA, Inc.*, 529 U.S. 460 (2000), this Court would violate Mr. Schwab's due process rights to hold him, a non-party principal of a corporation, personally liable for payment of fees and costs assessed against Voit.

In *Nelson*, the plaintiff feared it would be unable to collect a fee award from the defendant company, so it sought to amend its pleading and the district court's judgment to personally name as a party the company president, whose behavior had been adjudged to constitute inequitable conduct before the U.S. Patent and Trademark Office ("PTO"). *Id*. at 463–64. The Supreme Court held that the district court violated the company president's due process rights to adjudge him personally liable for the fee award the moment he was made a party. *Id*. at 465.

Following the reasoning of *Nelson*, the Central District of California, for example, declined to hold an individual personally liable for a fee award because he was not personally named as a party to the action, even though he had allegedly acted as an agent for the defendant corporation in committing fraud on the PTO and had been the "architect" of the fraud. *Ulead Sys., Inc. v. Lex Computer & Mgmt. Corp.*, 151 F.Supp.2d 1192, 1208 (C.D. Cal. 2001).

As shown in Exhibit A to the Schwab document subpoena, the information Del-Ton seeks is highly confidential, personal, and proprietary to Mr. Schwab and the named entities; overbroad in that "all documents" are requested as the term "document" is defined[1]; unrelated to any rulings

---

[1] Del-Ton overbroadly defines "document" as:

that this Court has made regarding Mr. Schwab and the entities implicated by the requests; unrelated to any of Del-Ton's claims in this case regarding Mr. Schwab and the entities implicated by the requests; unreasonably unlimited in time for most requests; would cause unnecessary reputational and financial harm to the entities implicated by the requests whom are not parties to this case; duplicative of the discovery requests that Del-Ton has already served on Voit, which Voit has already responded to; and implicates Rule 408 of the Federal Rules of Evidence. *See* Exhibit 1 to Corcoran Declaration.

Del-Ton seeks:

*1. All bank statements from January 1, 2016 to the present for each bank account (whether savings, checking or otherwise) in Barry Schwab's name or jointly held by Barry Schwab, regardless of whether the account is currently open.*

The information sought is highly confidential to Mr. Schwab, unrelated to any rulings that

---

used in a broad sense to include (by way of illustration only and not by way of limitation) the following items, whether written, recorded or graphic matter, however produced or reproduced, and whether original, copies or drafts thereof: correspondence, telegrams, telecopies, facsimiles, memoranda, reports, notes, receipts, summaries, notices, labels, minutes, logs, calendar notes, contracts, schedules, agreements, books, records, vouchers, diaries, checks, computer print-outs, summaries or records of telephone conversations, photographs, brochures, pamphlets, advertisements, circulars, information stored in any data storage medium (including tapes, disks and computer hard drives), data processing or word processing system (in whatever form), electronic mail (e-mail) (including archived or backup copies), card files, press clippings, newspapers or newsletters, sworn or unsworn statements, lists, affidavits, court papers, appointment books, written reports or opinions of investigators or experts, questionnaires, illustrations, worksheets, information and investigation requests, and video or tape recordings. Any document bearing on any sheet, or side thereof, any marks (including without limitation initials, stamp indicia, comments, or notations of any character) and not a part of the original text, or any reproduction thereof, is to be considered a separate document. If any document must be decoded, deciphered, unencrypted or converted in order to make the document understandable or comprehensible, any such programming, information code, cipher, conversion utility or data programming material should be considered to be part of the document.

Exhibit A to document subpoena.

this Court has made regarding Mr. Schwab or any of Del-Ton's claims in this case regarding Mr. Schwab, and would cause unnecessary reputational and financial harm to the persons and entities whom jointly hold bank accounts with Mr. Schwab and whom are not parties to this case..

2. *All documents relating to Barry Schwab's ownership or interest in patents, inventions, trade names, trademarks, or copyrights.*

The information sought is highly confidential to Mr. Schwab, overbroad causing unreasonable expense to obtain and produce in that "all documents" are requested as the term "document" is defined, unrelated to any rulings that this Court has made regarding Mr. Schwab or any of Del-Ton's claims in this case regarding Mr. Schwab, and unreasonably unlimited in time.

3. *All documents relating to Barry Schwab's assignment of patents, the method and terms of compensation for the assignment, and the total compensation received by Barry Schwab for each assignment.*

The information sought is highly confidential to Mr. Schwab, overbroad causing unreasonable expense to obtain and produce in that "all documents" are requested as the term "document" is defined, unrelated to any rulings that this Court has made regarding Mr. Schwab or any of Del-Ton's claims in this case regarding Mr. Schwab, unreasonably unlimited in time, and would cause unnecessary reputational and financial harm to the assignee entities whom are not parties to this case.

4. *All documents relating to limited liability companies or other business entities of which Barry Schwab is or was a member, manager, officer, director, or owner.*

The information sought is highly confidential to Mr. Schwab and the limited liability companies and other business entities implicated by this request, overbroad causing unreasonable expense to obtain and produce in that "all documents" are requested as the term "document" is

defined, unrelated to any rulings that this Court has made regarding Mr. Schwab and the limited liability companies and other business entities implicated by this request, unrelated to any of Del-Ton's claims in this case regarding Mr. Schwab and the limited liability companies and other business entities implicated by this request, unreasonably unlimited in time, and would cause unnecessary reputational and financial harm to the limited liability companies and other business entities whom are not parties to this case.

5. *All documents relating to limited liability companies or other business entities which are the assignee or owner of patents invented by Barry Schwab or invented jointly by him and others.*

The information sought is highly confidential to Mr. Schwab and the limited liability companies and other business entities implicated by this request, overbroad causing unreasonable expense to obtain and produce in that "all documents" are requested as the term "document" is defined, unrelated to any rulings that this Court has made regarding Mr. Schwab and the limited liability companies and other business entities implicated by this request, unrelated to any of Del-Ton's claims in this case regarding Mr. Schwab and the limited liability companies and other business entities implicated by this request, unreasonably unlimited in time, and would cause unnecessary reputational and financial harm to the limited liability companies and other business entities whom are not parties to this case.

6. *All documents relating to Barry Schwab's ownership or interest in any judgments of any type or the ownership or interest in judgments by entities of which Barry Schwab is a member, manager, officer, director, or owner.*

The information sought is highly confidential to Mr. Schwab and the entities implicated by this request, overbroad causing unreasonable expense to obtain and produce in that "all

documents" are requested as the term "document" is defined, unrelated to any rulings that this Court has made regarding Mr. Schwab and the entities implicated by this request, unrelated to any of Del-Ton's claims in this case regarding Mr. Schwab and the entities implicated by this request, unreasonably unlimited in time, and would cause unnecessary reputational and financial harm to the entities whom are not parties to this case.

7. *All documents relating to Barry Schwab's ownership or interest in real estate, stocks, equity in and/or mortgages on real or personal property, promissory notes or other commercial papers, accounts receivable, and joint ventures or other business enterprises.*

The information sought is highly confidential to Mr. Schwab and the joint ventures and other business enterprises implicated by this request, overbroad causing unreasonable expense to obtain and produce in that "all documents" are requested as the term "document" is defined, unrelated to any rulings that this Court has made regarding Mr. Schwab and the joint ventures and other business enterprises implicated by this request, unrelated to any of Del-Ton's claims in this case regarding Mr. Schwab and the joint ventures and other business enterprises implicated by this request, unreasonably unlimited in time, and would cause unnecessary reputational and financial harm to the joint ventures and other business enterprises whom are not parties to this case.

8. *All documents relating to Barry Schwab's ownership, equity or interest in and/or mortgages on property located at 5298 Cedarhurst Drive, West Bloomfield, MI 48322.*

The information sought is highly confidential to Mr. Schwab, is overbroad causing unreasonable expense to obtain and produce in that "all documents" are requested as the term "document" is defined, unrelated to any rulings that this Court has made regarding Mr. Schwab or any of Del-Ton's claims in this case regarding Mr. Schwab, and unreasonably unlimited in time.

9. *All documents relating to Barry Schwab's salary, benefits, retirement or profit-sharing plans, or other compensation received from Janssen Research & Development, LLC.*

The information sought is highly confidential to Mr. Schwab and Janssen Research & Development, LLC; overbroad causing unreasonable expense to obtain and produce in that "all documents" are requested as the term "document" is defined; unrelated to any rulings that this Court has made regarding Mr. Schwab and Janssen Research & Development, LLC; unrelated to any of Del-Ton's claims in this case regarding Mr. Schwab and Janssen Research & Development, LLC; unreasonably unlimited in time; and would cause unnecessary reputational and financial harm to Janssen Research & Development, LLC, whom is not a party to this case.

10. *All documents relating to any other assets owned by Barry Schwab.*

The information sought is highly confidential to Mr. Schwab, overbroad causing unreasonable expense to obtain and produce in that "all documents" are requested as the term "document" is defined, the term "any other assets" is overbroad and undefined, unrelated to any rulings that this Court has made regarding Mr. Schwab or any of Del-Ton's claims in this case regarding Mr. Schwab, and is unreasonably unlimited in time.

11. *All documents relating to or evidencing any liens, mortgages, encumbrances, or conditional bills of sale applicable to any assets owned by Barry Schwab.*

The information sought is highly confidential to Mr. Schwab, overbroad causing unreasonable expense to obtain and produce in that "all documents" are requested as the term "document" is defined, the term "any assets" is overbroad and undefined, unrelated to any rulings that this Court has made regarding Mr. Schwab or any of Del-Ton's claims in this case regarding Mr. Schwab, and unreasonably unlimited in time.

*12. All federal and state income tax returns filed by Barry Schwab in the last five years.*

The information sought is highly confidential to Mr. Schwab and unrelated to any rulings that this Court has made regarding Mr. Schwab or any of Del-Ton's claims in this case regarding Mr. Schwab.

*13. All documents related to or evidencing a business partnership or other type of business or joint venture between Barry Schwab and Marc Shulman.*

The information sought is highly confidential to Mr. Schwab, Mr. Shulman, and the businesses and joint ventures implicated by this request; overbroad causing unreasonable expense to obtain and produce in that "all documents" are requested as the term "document" is defined; unrelated to any rulings that this Court has made regarding Mr. Schwab, Mr. Shulman, and the businesses and joint ventures implicated by this request; unrelated to any of Del-Ton's claims in this case regarding Mr. Schwab, Mr. Shulman, and the businesses and joint ventures implicated by this request; unreasonably unlimited in time; and would cause unnecessary reputational and financial harm to Mr. Schulman and the businesses and joint ventures whom are not parties to this case.

*14. All documents related to or evidencing any transfers of assets, property, or money from Barry Schwab to any person or entity from January 1, 2016 to the present.*

The information sought is highly confidential to Mr. Schwab and the persons and entities implicated by this request, overbroad causing unreasonable expense to obtain and produce in that "all documents" are requested as the term "document" is defined, unrelated to any rulings that this Court has made regarding Mr. Schwab or any of Del-Ton's claims in this case regarding Mr. Schwab, and would cause unnecessary reputational and financial harm to the persons and entities whom are not parties to this case.

*15. All documents related to or evidencing any transfers of assets, property, or money between Voit and Barry Schwab from January 1, 2016 to the present.*

The information sought is highly confidential to Mr. Schwab, overbroad causing unreasonable expense to obtain and produce in that "all documents" are requested as the term "document" is defined, and unrelated to any rulings that this Court has made regarding Mr. Schwab or any of Del-Ton's claims in this case regarding Mr. Schwab.

*16. All documents relating to any payments of money Barry Schwab has received in connection with any assertion of patent infringement and/or the licensing of any patent.*

The information sought is highly confidential to Mr. Schwab, overbroad causing unreasonable expense to obtain and produce in that "all documents" are requested as the term "document" is defined, unrelated to any rulings that this Court has made regarding Mr. Schwab or any of Del-Ton's claims in this case regarding Mr. Schwab, and unreasonably unlimited in time.

*17. All documents relating to any payments of money Barry Schwab has received in connection with the assignment of any patent.*

The information sought is highly confidential to Mr. Schwab, overbroad causing unreasonable expense to obtain and produce in that "all documents" are requested as the term "document" is defined, and unrelated to any rulings that this Court has made regarding Mr. Schwab or any of Del-Ton's claims in this case regarding Mr. Schwab, and is unreasonably unlimited in time.

*18. All documents relating to any payments of money received by a business entity of which Barry Schwab is or was a member, manager, officer, director, or owner, which payments were received in connection with any assertion of patent infringement and/or the licensing of any patent.*

The information sought is highly confidential to Mr. Schwab and the business entities implicated by this request, overbroad causing unreasonable expense to obtain and produce in that "all documents" are requested as the term "document" is defined, unrelated to any rulings that this Court has made regarding Mr. Schwab and the business entities implicated by this request; unrelated to any of Del-Ton's claims in this case regarding Mr. Schwab and the business entities implicated by this request, unreasonably unlimited in time, and would cause unnecessary reputational and financial harm to business entities whom are not parties to this case.

19. *All documents relating to any settlement agreements Barry Schwab or a business entity of which Barry Schwab is or was a member, manager, officer, director, or owner has entered into arising from any assertion of patent infringement and/or the licensing of any patent.*

The information sought is highly confidential to Mr. Schwab and the business entities implicated by this request, overbroad causing unreasonable expense to obtain and produce in that "all documents" are requested as the term "document" is defined, unrelated to any rulings that this Court has made regarding Mr. Schwab and the business entities implicated by this request, unrelated to any of Del-Ton's claims in this case regarding Mr. Schwab and the business entities implicated by this request, unreasonably unlimited in time, and would cause unnecessary reputational and financial harm to business entities whom are not parties to this case.

20. *All documents relating to any payments of money received by Barry Schwab or Blackbird Tech LLC d/b/a Blackbird Technologies in connection with the settlement of a patent infringement lawsuit brought by Blackbird Tech against Capital One Financial Corp.*

The information sought is highly confidential to Mr. Schwab and Blackbird Tech LLC d/b/a Blackbird Technologies, overbroad causing unreasonable expense to obtain and produce in that "all documents" are requested as the term "document" is defined, unrelated to any rulings that

this Court has made regarding Mr. Schwab and Blackbird Tech LLC d/b/a Blackbird Technologies, unrelated to any of Del-Ton's claims in this case regarding Mr. Schwab and Blackbird Tech LLC d/b/a Blackbird Technologies, unreasonably unlimited in time, and would cause unnecessary reputational and financial harm to Blackbird Tech LLC d/b/a Blackbird Technologies whom is not a party to this case.

21. *All documents relating to any payments of money received by Barry Schwab or Blackbird Tech LLC d/b/a Blackbird Technologies in connection with assignments, lawsuits, settlements, and/or licenses concerning U.S. Patent No. 7,958,214, U.S. Patent No. 8,285,832, U.S. Patent No. 9,424,848, or any other patent.*

The information sought is highly confidential to Mr. Schwab and Blackbird Tech LLC d/b/a Blackbird Technologies, overbroad causing unreasonable expense to obtain and produce in that "all documents" are requested as the term "document" is defined, unrelated to any rulings that this Court has made regarding Mr. Schwab and Blackbird Tech LLC d/b/a Blackbird Technologies, unrelated to any of Del-Ton's claims in this case regarding Mr. Schwab and Blackbird Tech LLC d/b/a Blackbird Technologies, unreasonably unlimited in time, and would cause unnecessary reputational and financial harm to Blackbird Tech LLC d/b/a Blackbird Technologies whom is not a party to this case.

22. *All documents relating to any payments of money received by Barry Schwab or Hawk Technology Systems, LLC in connection with assignments, lawsuits, settlements, and/or licenses concerning U.S. Reissue Patent No. RE 43,462 or any other patent.*

The information sought is highly confidential to Mr. Schwab and Hawk Technology Systems, LLC; overbroad causing unreasonable expense to obtain and produce in that "all documents" are requested as the term "document" is defined; unrelated to any rulings that this

Court has made regarding Mr. Schwab and Hawk Technology Systems, LLC; unrelated to any of Del-Ton's claims in this case regarding Mr. Schwab and Hawk Technology Systems, LLC; is unreasonably unlimited in time; and would cause unnecessary reputational and financial harm to Hawk Technology Systems, LLC, whom is not a party to this case.

23. *All documents relating to any payments of money received by Barry Schwab or Bartonfalls LLC in connection with assignments, lawsuits, settlements, and/or licenses concerning US Patent No. 7,917,922 or any other patent.*

The information sought is highly confidential to Mr. Schwab and Bartonfalls LLC, overbroad causing unreasonable expense to obtain and produce in that "all documents" are requested as the term "document" is defined, unrelated to any rulings that this Court has made regarding Mr. Schwab and Bartonfalls LLC, unrelated to any of Del-Ton's claims in this case regarding Mr. Schwab and Bartonfalls LLC, unreasonably unlimited in time, and would cause unnecessary reputational and financial harm to Bartonfalls LLC whom is not a party to this case.

24. *All documents relating to any payments of money received by Barry Schwab or Multi-Format Inc. in connection with assignments, lawsuits, settlements, licenses concerning US Patent No. RE 38,079 or any other patent.*

The information sought is highly confidential to Mr. Schwab and Multi-Format Inc., overbroad causing unreasonable expense to obtain and produce in that "all documents" are requested as the term "document" is defined, unrelated to any rulings that this Court has made regarding Mr. Schwab and Multi-Format Inc., unrelated to any of Del-Ton's claims in this case regarding Mr. Schwab and Multi-Format Inc., unreasonably unlimited in time, and would cause unnecessary reputational and financial harm to Multi-Format Inc. whom is not a party to this case.

*25. All documents relating to any payments of money received by: Blackbird Technologies, LLC; Lightside Technologies LLC; Videa, LLC; Rateze Remote Mgmt., LLC; S.F. IP Properties 21 LLC; Inmotion Imagery Technologies, LLC; Hawk Technology Systems, LLC; Multi-Format, Inc.; Bergman Industrial Holdings, Ltd.; Technicolor Videocassette of Michigan, Inc.; Bartonfalls LLC; or Voit Technologies, LLC in connection with any assignment, settlement demands, patent infringement lawsuits, and/or the licensing of any patent.*

The information sought is highly confidential and proprietary to Blackbird Technologies, LLC; Lightside Technologies LLC; Videa, LLC; Rateze Remote Mgmt., LLC; S.F. IP Properties 21 LLC; Inmotion Imagery Technologies, LLC; Hawk Technology Systems, LLC; Multi-Format, Inc.; Bergman Industrial Holdings, Ltd.; Technicolor Videocassette of Michigan, Inc.; and Bartonfalls LLC—all of whom are not parties to this case and Del-Ton has not established how they are related to this case or Barry Schwab. The request is overbroad causing unreasonable expense to obtain and produce in that "all documents" are requested as the term "document" is defined. The request is unrelated to any rulings that this Court has made regarding Blackbird Technologies, LLC; Lightside Technologies LLC; Videa, LLC; Rateze Remote Mgmt., LLC; S.F. IP Properties 21 LLC; Inmotion Imagery Technologies, LLC; Hawk Technology Systems, LLC; Multi-Format, Inc.; Bergman Industrial Holdings, Ltd.; Technicolor Videocassette of Michigan, Inc.; and Bartonfalls LLC. The request is unrelated to any of Del-Ton's claims in this case regarding Blackbird Technologies, LLC; Lightside Technologies LLC; Videa, LLC; Rateze Remote Mgmt., LLC; S.F. IP Properties 21 LLC; Inmotion Imagery Technologies, LLC; Hawk Technology Systems, LLC; Multi-Format, Inc.; Bergman Industrial Holdings, Ltd.; Technicolor Videocassette of Michigan, Inc.; and Bartonfalls LLC. The request is unreasonably unlimited in time and would cause unnecessary reputational and financial harm to Blackbird Technologies,

LLC; Lightside Technologies LLC; Videa, LLC; Rateze Remote Mgmt., LLC; S.F. IP Properties 21 LLC; Inmotion Imagery Technologies, LLC; Hawk Technology Systems, LLC; Multi-Format, Inc.; Bergman Industrial Holdings, Ltd.; Technicolor Videocassette of Michigan, Inc.; and Bartonfalls LLC.

*26. All documents related to Barry Schwab's involvement in the creation, organization, and management of Voit.*

The information sought is highly confidential to Mr. Schwab, overbroad causing unreasonable expense to obtain and produce in that "all documents" are requested as the term "document" is defined, unrelated to any rulings that this Court has made regarding Mr. Schwab or any of Del-Ton's claims in this case regarding Mr. Schwab, unreasonably unlimited in time, and duplicative of the discovery requests that Del-Ton has already served on Voit, which Voit has already responded to.

*27. Voit's operating agreement and all related documents.*

The information sought is overbroad causing unreasonable expense to obtain and produce in that "all related documents" are requested as the term "document" is defined, unreasonably unlimited in time, and duplicative of the discovery requests that Del-Ton has already served on Voit, which Voit has already responded to.

*28. All financial statements, balance sheets, cash-flow statements, profit-loss statements and depreciation schedules prepared by or on behalf of Voit from January 1, 2016 to the present.*

The information sought is duplicative of the discovery requests that Del-Ton has already served on Voit, which Voit has already responded to.

29. *All documents and written communications involving Barry Schwab and Fredrick G. Fehlauer which relate to Voit.*

The information sought is highly confidential to Mr. Schwab and Mr. Fehlauer, overbroad causing unreasonable expense to obtain and produce in that "all documents" are requested as the term "document" is defined, unrelated to any rulings that this Court has made regarding Mr. Schwab and Mr. Fehlauer, unrelated to any of Del-Ton's claims in this case regarding Mr. Schwab and Mr. Fehlauer, unreasonably unlimited in time, and duplicative of the discovery requests that Del-Ton has already served on Voit, which Voit has already responded to.

30. *All documents which relate to, support, or refute the following representations made by Marc L. Shulman in his December 26, 2018 letter to Joseph A. Schouten, attached as Exhibit 1 hereto:*

   i. *Barry Schwab retained Lipscomb, Eisenberg and Baker in March 2016 to file patent infringement lawsuits;*

   ii. *No cases were filed at that time (March 2016) because of a reorganization in the Lipscomb firm;*

   iii. *A new engagement agreement was signed in March 2017 between Barry Schwab and Lipscomb;*

   iv. *David Tamaroff was selected to be lead counsel and chose the first ten cases to be filed on Voit's behalf without the pre-approval of Barry Schwab;*

   v. *Barry Schwab retained Vergas Associates to monitor the Voit lawsuits because he was concerned about Mr. Tamaroff's actions;*

   vi. *Mr. Tamaroff continued to file lawsuits on behalf of Voit without consulting Vergas Associates or Barry Schwab;*

> vii. *Mr. Tamaroff failed to provide current updates to Barry Schwab or Vergas Associates on the status of Voit's litigation against Del-Ton;*
>
> viii. *Mr. Tamaroff "never forwarded" Joe Schouten's July 12, 2017 "recommendation ... to dismiss the [Del-Ton] case with prejudice" to Barry Schwab or otherwise informed Barry Schwab of this settlement offer;*
>
> ix. *Barry Schwab has, in the past, voluntarily dismissed actions in which the defendant was "so adamant about their defense";*
>
> x. *Barry Schwab "would have told [Mr. Tamaroff] to dismiss the [Del-Ton] case with prejudice" if he had received Joe Schouten's July 12, 2017 settlement offer; and*
>
> xi. *Barry Schwab intends to commence a malpractice action against Mr. Tamaroff.*

The information sought implicates Rule 408 of the Federal Rules of Evidence, which prohibits the use of compromise offers and negotiations as evidence. As this Court states in its April 23, 2019, ruling in response to Voit's attempt to use Del-Ton's settlement offer, "Federal Rule of Evidence 408(a) . . . prohibits the introduction of 'compromise offers and negotiations' as evidence to 'prove or disprove the validity or amount of a disputed claim <u>or to impeach</u>.' Rule 408 extends to statements 'intended to be part of the negotiations for compromise.' *Fiberglass Insulators, Inc. v. Dupuy*, 856 F.2d 652, 654 (4th Cir. 1988) (citation omitted)." [DE 82 at 4–5] (emphasis added).

## **CONCLUSION**

Barry H. Schwab prays for the foregoing reasons that this Court quash Del-Ton's document and deposition subpoenas.

This 7th day of June, 2019.                Respectfully submitted,

/s/ Peter J. Corcoran, III.
Peter J. Corcoran, III, Esq.
CORCORAN IP LAW PLLC
4142 McKnight Road
Texarkana, Texas 75503
Tel: (903) 701-2481
Fax: (844) 362-3291
peter@corcoranip.com
Texas Bar No. 24080038

and

Frank W. Leak, Jr., Esq.
FISHERBROYLES, LLP
6000 Fairview Rd., Suite 1200
Charlotte, NC 28210
Tel: (336) 745-1480
frank.leak@fisherbroyles.com
North Carolina Bar No. 27937
*Local Civil Rule 83.1 Counsel for Barry H. Schwab*

*Attorneys for Barry H. Schwab*

## CERTIFICATE OF CONFERENCE

Under Local Civil Rule 7.1(c)(2), counsel for Barry H. Schwab and Defendant Del-Ton, Inc., met and conferred regarding the scope of this motion and were unable to reach an agreement.