IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:17-CV-259-BO

| | |
|---|---|
| VOIT TECHNOLOGIES, LLC,<br><br>            Plaintiff,<br><br>   v.<br><br>DEL-TON, INC.,<br><br>            Defendant. | VOIT TECHNOLOGIES, LLC'S<br>MOTION FOR STAY OF DISCOVERY<br>PENDING RESOLUTION OF BARRY H.<br>SCHWAB MOTIONS |

## NATURE OF THE CASE

This is formerly a patent infringement case. This Court is well aware of the nature and proceedings of this case. It was filed on May 26, 2017; terminated by order and judgment on January 11, 2018 [DE 46, 47]; and appealed on January 31, 2018, and August 30, 2018 [DE 50, 63].

This Court on August 6, 2018, ruled that this was an exceptional case under 35 U.S.C. § 285 and awarded Defendant Del-Ton, Inc's, its attorneys' fees [DE 59, 60]. *VOIT Techs., LLC v. Del-Ton, Inc.*, No. 5:17-CV-259-BO, 2018 WL 3732671 (E.D.N.C. Aug. 6, 2018).

The U.S. Court of Appeals for the Federal Circuit ("CAFC") on February 8, 2019, affirmed this Court's January 11, 2018, order and judgment dismissing this action. *Voit Techs., LLC v. Del-Ton, Inc.*, No. 2018-1536, 2019 WL 495163 (Fed. Cir. Feb. 8, 2019). Voit's appeal of this Court's August 6, 2018, attorneys' fees order and judgment [DE 59, 60] remains pending at the CAFC (No. 18-2347).

After the CAFC's February 8, 2019, affirmance, this Court on April 23, 2019, again ruled by that this case was exceptional for the reasons provided in its August 6, 2018, ruling and awarded

Del-Ton its supplemental attorneys' fees [DE 82, 83—docketed April 24, 2019].

On May 10, 2019, Del-Ton issued document and deposition subpoenas to non-party Barry H. Schwab, who is owner and managing member of Voit Technologies, LLC, seeking discovery of his personal assets and income under Rule 45 of the Federal Rules of Civil Procedure. Del-Ton also served on Voit a Notice of Deposition of Barry H. Schwab on May 10, 2019, under Rules 26, 28, and 30 of the Federal Rules of Civil Procedure.

Pending before this Court is Barry H. Schwab's motion to quash Del-Ton's document and deposition subpoenas and motion for protective order.

## STATEMENT OF FACTS

This Court in its August 6, 2018, and April 23, 2019, rulings found Voit liable for Del-Ton's attorneys' fees. Barry H. Schwab is discussed nowhere in this Court's rulings, and Mr. Schwab is not a party to this case.

## ARGUMENT

A district court has inherent authority to manage its docket, which includes the authority to stay discovery pending the outcome of pending or anticipated motions which would affect or control the outcome in a case before it. *Atl. Coast Pipeline, LLC v. 11.57 Acres, More or Less, in Nash Cty., N. Carolina*, No. 5:18-CV-13-BO, 2018 WL 5988343, at *1 (E.D.N.C. Nov. 14, 2018) (citing *Ryan v. Gonzales*, 568 U.S. 57, 73 (2013); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). When determining whether to stay discovery, a district court generally considers "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *Id.* (citing *Johnson v. DePuy Orthopaedics, Inc.*, No. 3:12-CV-2274-JFA, 2012 WL 4538642, at *2 (D.S.C. Oct. 1, 2012) (citation omitted)).

Judicial economy would be preserved by staying discovery pending this Court's rulings on Mr. Schwab's motion to quash and motion for protective order because this Court's rulings may prohibit unnecessary discovery into Mr. Schwab's personal and business financial assets and income that are unrelated to this Court's previous rulings and Del-Ton's claims in this case.

Voit and Mr. Schwab would suffer a hardship if this Court does not stay discovery, otherwise Del-Ton will push forward seeking warrantless discovery of Mr. Schwab's personal income and assets when this Court did not find and Del-Ton never argued that Mr. Schwab is personally liable for Del-Ton's attorneys' fees in this case.

Del-Ton would not suffer prejudice by staying discovery pending this Court's rulings because learning this Court's rulings would benefit Del-Ton and Voit with focusing their discovery and resolving this case sooner rather than later.

## CONCLUSION

For these reasons, Voit prays that this Court grant its motion and stay discovery in this case pending its rulings on Mr. Schwab's motion to quash and motion for protective order.

This 7th day of June, 2019.	Respectfully submitted,

*/s/ Peter J. Corcoran, III.*
Peter J. Corcoran, III, Esq.
CORCORAN IP LAW PLLC
4142 McKnight Road
Texarkana, Texas 75503
Tel: (903) 701-2481
Fax: (844) 362-3291
peter@corcoranip.com
Texas Bar No. 24080038

and

Frank W. Leak, Jr., Esq.
FISHERBROYLES, LLP
6000 Fairview Rd., Suite 1200
Charlotte, NC 28210
Tel: (336) 745-1480
frank.leak@fisherbroyles.com
North Carolina Bar No. 27937
*Local Civil Rule 83.1 Counsel for*
*Voit Technologies, LLC*

*Attorneys for Voit Technologies, LLC*

## CERTIFICATE OF CONFERENCE

Under Local Civil Rule 7.1(c)(2), counsel for Plaintiff Voit Technologies, LLC, and Defendant Del-Ton, Inc., met and conferred regarding the scope of this motion and were unable to reach an agreement.