IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:17-CV-259-BO

VOIT TECHNOLOGIES, LLC, )
    Plaintiff, )
  )
v. )   O R D E R
  )
DEL-TON, INC., )
    Defendant. )

This cause comes before the Court on non-party Barry H. Schwab's motion to quash document and deposition subpoenas [DE 84] and motion for a protective order [DE 85], as well as plaintiff's motion to stay discovery pending resolution or Mr. Schwab's motions [DE 86]. Defendant has responded in opposition to Mr. Schwab's motions and the motions are ripe for disposition. For the reasons that follow, Mr. Schwab's motion to quash [DE 84] is DENIED, Mr. Schwab's motion for a protective order [DE 85] is DENIED, and plaintiff's motion to stay discovery [DE 86] is DENIED AS MOOT.

## BACKGROUND

In January 2018, the Court dismissed plaintiff's patent-infringement claims, determining that they were patent-ineligible under 35 U.S.C. § 101. [DE 46, 47]. The underlying dispute involved defendant's sale of firearm supplies and accessories using an online portal that purportedly infringed plaintiff's patent, U.S. Patent No. 6,226,412. [DE 1]. On January 31, 2018, plaintiff appealed the Court's dismissal order to the United States Court of Appeals for the Federal Circuit. [DE 50]. In August 2018, the Court awarded defendant $128,535.00 in reasonable attorneys' fees for the litigation through dismissal. [DE 59]. Plaintiff appealed this order, too, to the Federal Circuit. [DE 63]. In February 2019, the Federal Circuit affirmed this Court's dismissal

of plaintiff's claims, agreeing that the claims were patent-ineligible. [DE 77, 78]. In April 2019, this Court awarded $121,246.04 to defendant in supplemental attorneys' fees. [DE 82]. Plaintiff's appeal of the original award of attorneys' fees remains pending before the Federal Circuit.

Barry H. Schwab, plaintiff's owner and managing member, now moves to quash document and deposition subpoenas that seek discovery of his personal assets and income. [DE 84]. Mr. Schwab also moves for entry of a protective order to shield his personal assets and income from discovery. [DE 85]. Plaintiff has moved to stay discovery pending resolution of Mr. Schwab's motions. [DE 86]. Defendant responds in opposition to Mr. Schwab's motions, arguing that because plaintiff has not yet paid any part of the attorneys' fees awards and claims it has no assets, defendant is seeking discovery of Mr. Schwab's assets to determine whether he can be held liable for the judgment. [DE 89].

## DISCUSSION

Rule 69 of the Federal Rules of Civil Procedure permits a judgment creditor, like defendant, to "obtain discovery from any person—including the judgment debtor." Fed. R. Civ. P. 69(a)(2). Rule 45 subpoenas may be used by post-judgment creditors subject to Rule 26's standards for discoverability. *Schaaf v. SmithKline Beecham Corp.*, 233 F.R.D. 451, 453 (E.D.N.C. 2005). That is, parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Rule 45 subpoenas may be issued to non-parties and can even be used to discover the assets of "third parties with close ties to the judgment debtor." *Wright & Miller*, 12 Fed. Prac. & Proc. Civ. § 3014 (3d ed.); *see also Trs. of N. Fla. Operating Eng'rs Health & Welfare Fund v. Lane Crane Serv., Inc.*, 148 F.R.D. 662 (M.D. Fla. 1993) (permitting discovery of non-party assets where evidence showed alter-ego relationship between debtor and non-party); *Caisson Corp. v. Cty W. Bldg. Corp.*,

62 F.R.D. 331, 333 (E.D. Pa. 1974) (permitting discovery of assets of sole shareholder of debtor corporation).

Rule 45 of the Federal Rules of Civil Procedure provides that courts must, under certain circumstances, including when a subpoena would subject a witness to undue burden, quash or modify a subpoena. Fed. R. Civ. P. 45(3)(A). In deciding whether to quash a subpoena or issue a protective order, courts balance (1) the relevance of the information sought, (2) the need of the information sought, (3) issues concerning confidentiality, and (4) the potential for harm to any party. *Insulate Am. v. Masco Corp.*, 227 F.R.D. 427, 432 (W.D.N.C. 2005). Because a non-party moving to quash a subpoena is effectively moving for a protective order against such discovery, *Snoznik v. Jeld-Wen, Inc.*, 259 F.R.D. 217, 222 (W.D.N.C. 2009), and because Mr. Schwab has made both motions here, the motions will be considered together.

Mr. Schwab argues that defendant's subpoenas subject him to undue burden because they seek information that is irrelevant to this action, because his conduct did not contribute in any way to the conduct at issue in this matter, and because it would violate his due process rights to hold him personally liable for payment of judgments entered against plaintiff. Mr. Schwab's arguments in support of his motion to quash and his motion for a protective order are identical. Defendant contends, however, that post-judgment discovery of Mr. Schwab's assets and income is necessary because plaintiff refuses to pay the $249,781.04 in combined costs and fees and plaintiff's Rule 69 responses "indicated that it was being operated as the mere alter-ego of its sole owner, [Mr.] Schwab." [DE 89, p. 5]. Defendant bases this argument on its belief that plaintiff "had no operating agreement, had held no company meetings, had not filed tax returns or prepared financial documents, and had no employees," the fact that Mr. Schwab is plaintiff's "sole owner, officer, and manager, [and] keeps [plaintiff's] books and records, uses his home to conduct [plaintiff's]

business, and controls its operations and decisions." *Id.* at 5–6. Defendant further points out that plaintiff "transferred $25,000 to Schwab in December 2017 and Schwab paid [plaintiff's] legal fees and legal management fees." *Id.* at 6.

On the basis of the above beliefs, defendant argues that Mr. Schwab could potentially be held liable for the judgments under either a veil-piercing theory or under 35 U.S.C. § 285, which permits corporate officers to be personally liable for attorneys' fees in some circumstances. This does not mean that Mr. Schwab *will* be held liable under either theory, but here the Court finds that it is sufficient to permit discovery of his personal assets and income despite his non-party status. The information that defendant seeks is relevant. Defendant has also demonstrated a persuasive need for the information, given that plaintiff has not paid any of the $249,781.04 judgment and purports to have no assets. Mr. Schwab's interest in keeping his financial information confidential and any potential harm he would suffer from its disclosure is overcome here by the relevance of the information sought, the importance of the information sought, and the potential for harm to defendant if it is unable to collect its judgment.

With respect to Mr. Schwab's contention that his due process rights would be violated by enforcement of the subpoenas, the Court is unpersuaded. Mr. Schwab relies on *Nelson v. Adams USA, Inc.*, 529 U.S. 460 (2000), arguing that he, as a non-party corporate principal, cannot be personally liable for the judgment entered against plaintiff. In *Nelson*, the Supreme Court held that the district court had erred in amending its judgment against a corporate plaintiff to add the corporation's sole shareholder without first giving the shareholder the opportunity to contest his personal liability for the judgment. 529 U.S. at 468. *Nelson* does not foreclose the possibility that Mr. Schwab can be held personally liable for the judgment entered against plaintiff. Additionally, at this stage of the proceedings defendant is only seeking discovery of Mr. Schwab's assets and

4

income to determine whether it can proceed with attempts to make him personally liable. Mr. Schwab has not demonstrated that his due process rights would be violated by the enforcement of defendant's subpoenas.

Mr. Schwab's remaining objections to the subpoenas, including as to Document Request No. 30 of the Subpoena Duces Tecum, are without merit. Mr. Schwab has not demonstrated with particularity why any of the document requests are improper or deficient and he has not made a particularized showing that a protective order is otherwise necessary. Generalized objections regarding the sensitivity of the information sought and the scope of the requests is insufficient. As to Document Request No. 30, while it is true that under Rule 408 of the Federal Rules of Evidence settlement negotiations are not admissible at trial to prove the validity or amount of a claim, or to impeach, the facts underlying settlement negotiations are not protected by Rule 408. *See Ray Comms., Inc. v. Clear Channel Comms., Inc.*, 673 F.3d 294, 306 (4th Cir. 2012). Thus, to the extent that Document Request No. 30 seeks documents containing otherwise discoverable facts, it is not barred by Rule 408.

In sum, Mr. Schwab has not demonstrated that defendant's subpoenas should be quashed or a protective order should be entered. Discovery of Mr. Schwab's personal assets and income in this post-judgment posture is appropriate and the subpoenas do not impose an undue burden. Accordingly, Mr. Schwab's motions are denied. Finally, plaintiff's motion to stay discovery in this case pending resolution of Mr. Schwab's motions is denied as moot, given that Mr. Schwab's motions are now resolved.

## CONCLUSION

For the above reasons, Mr. Schwab's motion to quash [DE 84] is DENIED, Mr. Schwab's motion for a protective order [DE 85] is DENIED, and plaintiff's motion to stay discovery [DE 86] is DENIED AS MOOT.

SO ORDERED, this 26 day of July, 2019.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE